OPINION
{¶ 1} On November 19, 2004, appellant, Melvyn Meadows, and appellee, Linda Meadows, were married. On April 8, 2005, appellant filed a complaint for annulment/divorce.
 {¶ 2} A hearing on the issues of property division and spousal support was held on September 12, 2005. By judgment entry filed November 23, 2005, the trial court granted the parties a divorce and ordered appellant to pay appellee spousal support in the amount of $998.25 for twelve months. The trial court also ordered appellant to pay appellee $300.00 in moving expenses, $2,357.00 for attorney fees and $6,045.00 of his retirement contributions.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED ERROR IN ITS AWARD OF SPOUSAL SUPPORT TO WIFE."
 II {¶ 5} "THE TRIAL COURT COMMITTED ERROR BY AWARDING MOVING COST TO WIFE."
 III {¶ 6} "THE TRIAL COURT COMMITTED ERROR BY AWARDING ATTORNEY FEES TO WIFE."
 IV {¶ 7} "THE TRIAL COURT COMMITTED ERROR BY AWARDING A PORTION OF HUSBAND'S RETIREMENT AND DEFERRED COMPENSATION TO WIFE."
 V {¶ 8} "THE TRIAL COURT COMMITTED ERROR BY ADOPTING WIFE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I {¶ 9} Appellant claims the trial court erred in awarding spousal support for a marriage of short duration. Specifically, appellant claims the trial court never made a factual determination as to the length of the marriage, and a five month marriage does not warrant spousal support. We disagree.
 {¶ 10} R.C. 3105.18 governs awards of spousal support and modification and states as follows:
 {¶ 11} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 12} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 13} "(b) The relative earning abilities of the parties;
 {¶ 14} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 15} "(d) The retirement benefits of the parties;
 {¶ 16} "(e) The duration of the marriage;
 {¶ 17} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 18} "(g) The standard of living of the parties established during the marriage;
 {¶ 19} "(h) The relative extent of education of the parties;
 {¶ 20} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 21} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 22} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 23} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 24} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 25} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 26} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 27} In his appellate brief at 12, appellant argues the marriage lasted less than 180 days. However, in his proposed findings of fact filed October 4, 2005, appellant states, "[t]his is a marriage of 298 days from the date of the wedding ceremony to the date of the final hearing." We find it disingenuous for appellant to now argue the marriage lasted less than 180 in duration.
 {¶ 28} In its judgment entry decree of divorce filed November 23, 2005, the trial court found the parties were married on November 19, 2004. In awarding marital pension benefits, the trial court set the period for that marital asset from November 2004 through September 9, 2005. With this specific finding, the trial court by reference found the marriage to have lasted 294 days.
 {¶ 29} The crux of this assignment of error is the spousal support award of $998.25 per month for twelve months. Appellant argues the statutory factors of R.C. 3105.18(C)(1) set forth supra lead to the conclusion that spousal support is not appropriate. In Conclusion of Law No. 8, the trial court considered the statutory factors, "especially considering the relative earning abilities of the parties, the physical conditions of the parties, [and] the relative assets and liabilities of the parties." In Findings of Fact Nos. 3, 4, 7 and 8, the trial court found the following:
 {¶ 30} "3) Defendant-Wife's date of birth is March 25, 1947 and she is employed as a child care worker at Rogy's Child Care, Inc., in Canton, Ohio, earning $10.00 per/hour. Defendant's gross income is $1,648 per/month.
 {¶ 31} "4) Plaintiff-Husband's date of birth is April 24, 1940 and he is employed by the City of Canton, earning $65,977 in the year 2004. Plaintiff's gross income is $5,641 per/month. * * *"
 {¶ 32} "7) The parties lived together from 1997 until 2002, when they separated. During the separation, Defendant resided in an SMHA subsidized apartment. Also, during the separation, Plaintiff continued to pursue Defendant with promises of marriage. Both Defendant and Defendant's sister, Rita Poulson testified that Plaintiff stated that he would take care of Defendant for the rest of her life and that she wouldn't have to worry about anything financially if she married Plaintiff. Defendant relied upon Plaintiff's promises and agreed to marry Plaintiff.
 {¶ 33} "8) Defendant gave up her SMHA subsidized apartment as well as numerous items of personal property which she gave away because there was no room for these items in Plaintiff's residence. Defendant estimated the value of the personal property which she gave away prior to marrying Plaintiff to have a value of $500."
 {¶ 34} These facts are substantiated by the record. Appellee never contributed to the household expenses. T. at 37.
 {¶ 35} Although the spousal support award is $998.25 and appears high, the trial court based its decision on the unique circumstances of the parties' relationship. Appellee gave up a cheap rent subsidized apartment and $500.00 of her personal belongings when she married appellant. Because of difficultly in their sexual relations, appellant gave up on the marriage after two months and later pursued an annulment/divorce.
 {¶ 36} Upon review, we do not find an abuse of discretion by the trial court in the award of spousal support.
 {¶ 37} Assignment of Error I is denied.
 II {¶ 38} Appellant claims the trial court erred in awarding appellee moving expenses in the amount of $300.00. We disagree.
 {¶ 39} The trial court awarded appellee $300.00 for moving personal property from appellant's residence. We fail to find an award of moving expenses to be an abuse of discretion.
 {¶ 40} Assignment of Error II is denied.
 III {¶ 41} Appellant claims the trial court erred in awarding appellee attorney fees in the amount of $2,357.00. We disagree.
 {¶ 42} R.C. 3105.73 governs the award of attorney fees. Subsection (A) states the following:
 {¶ 43} "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 44} Appellant's trial counsel did not object to the exhibit on attorney fees nor did trial counsel cross-examine on the issue. Given the earning disparity of the parties, we find the trial court did not abuse its discretion in awarding appellee attorney fees.
 {¶ 45} Assignment of Error III is denied.
 IV {¶ 46} Appellant claims the trial court erred in awarding appellee one-half of appellant's pension and deferred compensation earned during coverture. We disagree.
 {¶ 47} R.C. 3105.171(B) authorizes the trial court to determine "what constitutes marital property and what constitutes separate property." Subsection (A)(3)(a) defines "marital property" as follows:
 {¶ 48} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 49} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 50} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 {¶ 51} "(iv) A participant account, as defined in section145.71 of the Revised Code, * * *."
 {¶ 52} It is clear the pension and deferred compensation constitute marital property therefore, appellee is entitled to one-half of the amount. Appellant appears to take issue with the "sum certain" method employed by the trial court in disbursing the marital property. Although a qualified domestic relations order would be appropriate, it is not mandated when the amount is relatively small.
 {¶ 53} As noted in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, paragraph two of the syllabus, the trial court "should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage."
 {¶ 54} Upon review, we do not find the trial court abused its discretion in awarding the marital property in one lump sum given the amount.
 {¶ 55} Assignment of Error IV is denied.
 V {¶ 56} Appellant claims the trial court erred in adopting appellee's proposed findings of fact and conclusions of law that were filed late. We disagree.
 {¶ 57} We find the setting of deadlines for proposed findings and conclusions to be within the trial court's discretion as well as the acceptance of late filings.
 {¶ 58} Assignment of Error V is denied. Stark County, Case No. 2005CA00326.
 {¶ 59} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.