OPINION
{¶ 1} Defendant-appellant, John G. Wilder ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling objections to the magistrate's decision and granting the motion of plaintiff-appellee, Anne K. Wilder ("appellee") to modify spousal support.
 {¶ 2} As stated by this court in a prior opinion, this action presents a long and contentious history. Wilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94APE-12-1810. However, only a brief recitation of pertinent facts is required for this appeal. After a *Page 2 
22-year marriage, the parties divorced in 1988. In addition to an equitable division of marital assets, the divorce decree ordered appellant to pay appellee permanent spousal support in the amount of $3,000 per month. The trial court retained jurisdiction to modify the spousal support award, allowing either party to seek modification upon proof of a change in circumstances. See Wilder v. Wilder (Apr. 25, 1989), Franklin App. No. 88AP-685 (affirming the permanent spousal support award and noting the retention of jurisdiction to modify said award).
 {¶ 3} Throughout the years, multiple motions to modify spousal support have been filed, as have motions for contempt for failure to pay spousal support. On April 4, 2006, in response to appellant's February 2002 motion to modify or terminate spousal support, the magistrate issued a decision overruling appellant's motion to terminate spousal support. However, the magistrate sustained appellant's motion to modify spousal support as follows: $2,000 per month, effective February 8, 2002 through August 7, 2005, and then $1,500 per month thereafter. Additionally, appellant was ordered to pay appellee's attorney fees in the amount of $7,500. The trial court adopted the magistrate's decision on April 25, 2007. No appeal was taken from this decision.
 {¶ 4} While objections to the magistrate's April 4, 2006 decision were pending, appellee filed, on May 25, 2006, a motion to modify spousal support on the basis that her employment was being terminated. On November 7, 2007, the magistrate issued a decision modifying spousal support as follows: $2,250 per month effective June 30, 2006 to January 14, 2007; $2,750 per month effective January 15, 2007 to April 25, 2007; then $2,000 per month thereafter. In addition, appellee was awarded $3,500 in attorney fees. *Page 3 
 {¶ 5} Appellant filed objections to the magistrate's decision. On July 16, 2008, finding a substantial change in circumstances since the trial court's prior order, the trial court reviewed the requisite statutory factors of R.C. 3105.18(C), overruled appellant's objections to the magistrate's decision, and ordered spousal support and attorney fees in accordance with the magistrate's decision.
 {¶ 6} This appeal followed, and appellant brings two assignments of error for our review:
 I. THE TRIAL COURT ERRED IN INCREASING THE SPOUSAL SUPPORT AND FAILING TO TERMINATE THE SPOUSAL SUPPORT ORDER.
 II. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES IN THIS MATTER.
 {¶ 7} In his first assignment of error, appellant contends the trial court erred in increasing spousal support and in failing to terminate it. The motion before the trial court requesting a termination of spousal support, however, was filed by appellant in 2002 and was ruled on by the trial court on April 25, 2007. As indicated previously, no appeal was taken from this decision. In contrast, the matter currently before us pertains to the trial court's order of July 16, 2008, which granted appellee's motion to increase spousal support. Thus, the issue of whether spousal support should be terminated is not before us, and our review will focus on the trial court's decision increasing spousal support. In re Marriage of Henson, Trumbull App. No. 2006-T-0065,2007-Ohio-4376.
 {¶ 8} Where modification of a spousal support award is requested, the threshold question becomes whether the trial court retained jurisdiction to modify the provisions of its order. Grosz v. Grosz, Franklin App. No. 04AP-716, 2005-Ohio-985, at ¶ 8, citing Wolding v. Wolding (1992),82 Ohio App.3d 235, 239. Here, the parties do not dispute *Page 4 
that the trial court expressly retained jurisdiction in the divorce decree to modify the spousal support provision. Therefore, the trial court had the authority to modify the spousal support award.
 {¶ 9} R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses or medical expenses. R.C. 3105.18(F). To warrant a modification, the change must be substantial and one that was not contemplated by the parties at the time of the prior order.Grosz, at ¶ 9, citing Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,706.
 {¶ 10} A trial court is generally afforded wide latitude in deciding spousal support issues. Grosz, at ¶ 8, citing Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120; Cherry v. Cherry (1981), 66 Ohio St.2d 348. An appellate court reviews the modification of spousal support under an abuse-of-discretion standard. Id.; Booth v. Booth (1989),44 Ohio St.3d 142, 144. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, the trial court's spousal support judgment will be affirmed. Masters v.Masters (1994), 69 Ohio St.3d 83; Grosz, at ¶ 9.
 {¶ 11} Appellant does not take issue with the trial court's finding that the circumstances of appellee had changed, and after review, we find no abuse of discretion in the trial court's determination of the same. Rather, appellant contends the amount of spousal support awarded constitutes an abuse of discretion because his retirement *Page 5 
income consists of only $34,000 per year, and he is thus required to use two-thirds of his income to meet the current spousal support obligation. In making this argument, however, appellant ignores the remaining evidence and findings pertaining to the parties' incomes and assets.
 {¶ 12} It is significant to note that when spousal support was decreased by the trial court's order of April 25, 2007, it was due in large part to appellee's employment at the Columbus Academy earning $40,216 per year. As previously mentioned, no appeal was taken from this April 2007 order. The basis for the modification presently before us was appellee's loss of employment due to circumstances beyond her control. The parties concurred at the hearing that there was no significant change in appellant's income from the time of the 2005 hearing that provided the basis for the 2007 spousal support order. Therefore, narrowly put, the issue here is whether the change in circumstances, i.e., appellee's loss of employment, necessitated the increase in monthly spousal support.
 {¶ 13} Initially, we note that in its 15-page decision, the trial court considered and made findings with respect to each requisite statutory factor contained in R.C. 3150.18(C). When appellee's employment terminated, appellee received unemployment benefits for a time, and in April 2007, appellee began receiving social security benefits. In addition to receiving retirement benefits of $34,000 per year, the trial court noted appellant earns approximately $20,000 per year in investment income from liquid assets and has the potential to earn $30,000 annually from the Wilder family farm partnership, of which appellant is the only general partner and is entitled to 100 percent of any income or loss. The partnership owns real estate valued at $1,044,530. *Page 6 
 {¶ 14} The trial court also noted appellant and his wife have three residences: two of these residences are in Naples, Florida, and one is in New York near Lake Champlain. Appellant maintains memberships at three country clubs, and has maid service, pool service, lawn service, and a health club membership. Appellant's primary residence in Florida was purchased in 2001 for $260,000 and is subject to a mortgage of $160,000. Appellant's summer cottage, purchased in 2005 for $325,000, is subject to a mortgage of $180,000. The equity in this real estate is derived from appellant's invested funds inherited from his brother in 2003. Appellant also purchased a newly constructed home in Florida in 2004 for $295,000, with a $75,000 down payment from the inherited funds. This property is subject to a mortgage of $221,250 and is leased to appellant's stepson at a loss of $300 per month. The trial court found appellant increased his mortgage expenses and decreased his potential investment income by investing in the two additional pieces of real estate. In contrast, the trial court found appellee's monthly expenses are conservative and modest. Appellee owns an "empty nester" home, purchased for $179,900, valued in 2005 at $250,000, and subject to a mortgage balance of $111,000.
 {¶ 15} After review of the evidence, the trial court determined appellee's needs required the spousal support award modification. As previously stated, since the trial court decreased the amount of spousal support appellant was ordered to pay, appellant's income had essentially remained unchanged. In contrast, appellee's income had not remained unchanged. In fact, the previous decrease, and present increase, in spousal support were based largely on appellee's changed circumstances of obtaining, and then losing, employment. While appellant disagrees with the trial court's determination, we *Page 7 
have reviewed the record and cannot say the trial court's decision constitutes an abuse of discretion. Consequently, we overrule appellant's first assignment of error.
 {¶ 16} In his second assignment of error, appellant contends appellee has assets to pay for her own attorney fees and that the trial court abused its discretion in ordering appellant to pay $3,500 in attorney fees. R.C. 3105.73(B) governs an award of attorney fees in a post-decree proceeding and provides:
 In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.
 {¶ 17} "Consistent with the broad language of R.C. 3105.73(B), this court has continued to rely upon the Hummer[1] factors to flesh out the statutory requirements." Padgett v. Padgett, Franklin App. No. 08AP-269, 2008-Ohio-6815, at ¶ 10. Pursuant to Hummer, a trial court should consider (1) the needs of the children, (2) any change in circumstances, (3) the ability or inability of either party to pay, (4) the total amount of attorney fees, (5) the proportion of fees caused by undue delay or resistance by either party, and (6) the effect of payment of fees upon the custodial parent's ability to contribute a proportionate share of child support. Id.
 {¶ 18} Here, appellee claimed she incurred $4,180.50 in attorney fees. In awarding appellee $3,500 in attorney fees, the trial court expressly considered R.C. 3105.78(B) and the Hummer factors. Appellant does not suggest the trial court *Page 8 
inappropriately applied the law or erred in its review of requisite factors. Instead, appellant simply contends the trial court abused its discretion in awarding any attorney fees to appellee. We disagree.
 {¶ 19} The trial court found appellee's incurred fees were reasonable and necessary and that appellant has the ability to pay a reasonable award of attorney fees. In addition, the trial court found appellee's "ability to pay her attorney fees based on her current disposable income after the exchange of spousal support is extremely limited." (Decision at 14.) Lastly, the trial court determined the award of attorney fees was necessary for appellee to fully litigate her rights and protect her interests. The trial court expressly stated it did not consider the assets of the parties.
 {¶ 20} Upon review, we find the trial court did not abuse its discretion in awarding attorney fees. The trial court found the award equitable based on the parties' disposable incomes. A disparity in the parties' income may be a basis for awarding attorney fees. Karales v.Karales, Franklin App. No. 05AP-856, 2006-Ohio-2963 (holding a disparity in the parties' income may be a basis for awarding attorney fees in a divorce); see, also, Napier v. Napier, Tuscarawas App. No. 2005 AP 05 0030, 2006-Ohio-438; Meadows v. Meadows, Stark App. No. 2005CA00326,2006-Ohio-2432. The trial court weighed the equities and considered the requisite factors, including the disparity in income and determined it was equitable to award appellee a portion of her attorney fees. We find the award equitable and within the trial court's broad discretion given it by the legislature. Accordingly, we overrule appellant's second assignment of error. *Page 9 
 {¶ 21} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur.
[1] Hummer v. Hummer (Aug. 28, 1986), Franklin App. No. 86AP-293. *Page 1