OPINION *Page 2 
{para: 1} Defendants-appellants Charles and Kristin Foshee appeal a judgment of the Licking County Municipal Court. Appellants assign three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN NOT AWARDING COMPENSATORY DAMAGES TO COMPENSATE DEFENDANTS-APPELLANTS FOR THE EMOTIONAL DAMAGES THAT THEY SUFFERED BECAUSE OF PLAINTIFF-APPELLEE'S VIOLATIONS OF THE OHIO AND FEDERAL FAIR HOUSING LAWS.
 {¶ 3} "II. THE TRIAL COURT ERRED IN AWARDING MINIMAL PUNITIVE DAMAGES THAT WERE NOT DESIGNED TO DETER OR PUNISH PLAINTIFF-APPELLEE FOR INTENTIONALLY VIOLATING THE OHIO AND FEDERAL FAIR HOUSING LAWS.
 {¶ 4} "III. THE TRIAL COURT ERRED IN NOT AWARDING ATTORNEY FEES FOR THE AMOUNT OF TIME THAT THE FOSHEES' COUNSEL SPENT ON THE MOTION TO MODIFY."
 {¶ 5} The record indicates appellant Kristin Foshee suffers from a significant emotional disorder. Her psychiatrist issued a prescription for a service dog for therapeutic companionship. Appellee, the appellant's landlord, did not permit pets in his rental units. Appellant advised appellee she had a prescription from her doctor, but appellee insisted she give the dog away. Appellant did so, but testified she became very depressed as a result of losing her dog.
 {¶ 6} Appellant's psychiatrist gave her a second prescription for a therapeutic animal such as a cat or dog. Appellants acquired a cat, and notified appellee. Appellee responded by advising appellants to give their cat away, or move. Appellants arranged *Page 3 
for a fair housing counselor to contact appellee. The counselor informed appellee the Fair Housing Act does not permit discrimination based on a tenant's disability, and a service animal can be a reasonable accommodation. The counselor testified appellee "went ballistic" and used swear words to express his disregard for the law. Appellee admitted he informed the counselor he did not care what the law was, and his tenants were not allowed to have pets.
 {¶ 7} Appellants attempted to pay $340 or $345 of the $385 rent due on the following month, April, 2007. Appellants testified appellee refused to accept partial rent, and asserted appellee struck appellant Charles Foshee. Appellee admitted appellants offered a partial rent payment, but denied he refused to accept it or strike appellant. Appellee gave appellants an eviction notice, but appellants remained in the apartment until June 18, 2007. They did not pay rent for April, May, and a portion of June 2007.
 {¶ 8} Appellee filed a complaint for forcible entry and detainer and for damages. Appellants filed a counter-claim, alleging violation of the Ohio and Federal Fair Housing Laws. The court entered judgment in favor of appellee on the forcible entry and detainer, and granted restitution of the premises to appellee. Thereafter, the court awarded appellee $650 for unpaid rent, and awarded appellants $650 in damages on their counter-claim. The court also awarded attorney fees to appellants in the amount of $6,700. The court declined to make a compensatory award for appellants' claim of emotional distress caused by appellee's violation of Fair Housing Laws. *Page 4 
 I {¶ 9} In their first assignment of error, appellants argue the court erred in not awarding compensatory damages on their claim for emotional distress suffered as a result of appellee's violation of the Fair Housing Laws.
 {¶ 10} At the close of trial, the court announced its decision from the bench. The court found appellee had demonstrated a disregard for the law, but the court expressed the hope this was no longer the case. The court found the damages award should be crafted to remind appellee he must follow the law whether he agrees with it or not. The court noted it did not know how to place a dollar amount of compensation on appellants' claim for emotional trauma. The court found appellants did not present any concrete evidence regarding the monetary value of their damages, but only testified about suffering and pain.
 {¶ 11} Appellee asserts appellants offered no evidence of any actual damage, any economic loss, lost wages, or expenditure for medical care or treatment, rehabilitation of services, or counseling. Appellee argues there was no evidence admitted of any non-economic loss except appellants' testimony.
 {¶ 12} The trial court is presumed to know the law and to properly apply it to the facts of the case. Here, appellants presented no evidence of financial harm, and the court found it appropriate to award appellants the equivalent of free rent for the last months of their tenancy. The court awarded damages in the same amount as the unpaid rent, minus the damage deposit appellee retained.
 {¶ 13} We find the trial court did not err in declining to award compensatory damages for emotional distress on the state of the record before it. *Page 5 
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} In their second assignment of error, appellants argue the award of punitive damages was minimal, and would not serve to deter or punish appellee for his violation of the Fair Housing Act.
 {¶ 16} The purpose of punitive damages is not to compensate a plaintiff, but to punish a defendant for certain conduct and deter the conduct in the future, Moskovitz v. Mt. Sinai Medical Center (1994),69 Ohio St. 3d 638, 651, 635 N.E. 2d 331, citations deleted. The determination of the amount of damages appropriate for adequate compensation is not an easy task, and no simple mathematical formula can be applied. The decision is based in part in policy considerations, and hence, some decree of arbitrariness cannot be totally removed from the decision, whether made by a judge or a jury. Moskovitz at 344, quotingShoemaker v. Crawford (1991), 78 Ohio App. 3d 53, 603 N.E. 2d 1114. A trial court has discretion to determine the amount of punitive damages, and this court may not reverse a court's findings absent an abuse of that discretion, Cabe v. Lunich (1994), 70 Ohio St. 3d 598. The Supreme Court has defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217. When applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court, Pons v. Ohio State Medical Board (1993),66 Ohio St. 3d 619.
 {¶ 17} We find the trial court did not abuse its discretion in determining the amount of punitive damages was appropriate.
 {¶ 18} The second assignment of error is overruled. *Page 6 
 III {¶ 19} In their third assignment of error, appellants argue the court erred in not awarding appellants' full claim for attorney fees.
 {¶ 20} The trial court granted attorney fees in the amount of $6,700 on their claim for Fair Housing violations. The court disallowed appellants' claim for $3,125 in attorney fees for work counsel expended on their unsuccessful motion to modify the court's judgment. The motion to modify addressed the same issues raised in this appeal.
 {¶ 21} Our standard of reviewing a trial court's decision regarding the award of attorney fees is the abuse of discretion standard,Wilder v. Wilder, Franklin App. No. 08AP-669, 2009-Ohio-755
at paragraph 20, citations deleted. Our review of the record leads us to conclude the trial court did not abuse its discretion in fashioning the award of attorney fees.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Licking County Municipal Court is affirmed.
Gwin, J., Farmer, P.J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant. *Page 1