[Cite as *Collins v. Kirby*, 2019-Ohio-1293.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| JOSHUA COLLINS, ET AL., | : | CASE NO. CA2018-07-079 |
| Appellants, | : | O P I N I O N<br>4/8/2019 |
| | : | |
| - vs - | : | |
| | : | |
| DENNIS KIRBY, | : | |
| Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CV090051


Patsfall, Yeager & Pflum, LLC, Stephen M. Yeager, 205 West Fourth Street, Suite 1280, Cincinnati, OH 45202, for appellee

Law Offices of Jeffery E. Richards, Jeffery E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, OH 45068, for appellants


**M. POWELL, J.**

{¶ 1} Appellants, Joshua Collins and Tiffany Reising, appeal a decision of the Warren County Court of Common Pleas finding them in contempt of court and dismissing their complaint with prejudice.

{¶ 2} On July 26, 2017, appellants filed a complaint against appellee, Dennis Kirby, alleging personal injuries arising from an automobile accident in July 2015. Kirby filed an

answer and served interrogatories and a request for production of documents upon appellants in August 2017. When appellants did not respond to the discovery requests, Kirby's counsel emailed appellants' counsel in an effort to obtain responses. When appellants failed to respond, Kirby moved to compel discovery on December 7, 2017.

{¶ 3} The case came before the trial court for a case management conference on February 7, 2018. Kirby asserts that on that day, the trial court verbally granted his motion to compel discovery and ordered appellants to respond to the discovery requests within 30 days. However, no entry or order was journalized granting the motion to compel. By scheduling order filed on February 7, 2018, the trial court ordered the parties to complete "all discovery" by December 31, 2018.

{¶ 4} Subsequently, appellants provided certain records and responded to some of the interrogatories. By emails sent to appellants' counsel in March and April 2018, Kirby's counsel acknowledged receiving such records as well as appellants' handwritten responses to some of the interrogatories. Kirby's counsel, advised, however, that the responses were limited, incomplete, difficult to read, and unaffirmed. Kirby's counsel further advised that no responses were provided to the request for production of documents.

{¶ 5} On May 23, 2018, Kirby moved the trial court to find appellants in contempt of court for their failure to comply with the court's order to respond to Kirby's discovery requests. Alternatively, Kirby moved the trial court to dismiss appellants' complaint. Appellants did not respond or otherwise oppose Kirby's motion. In an entry filed on July 16, 2018, the trial court granted Kirby's motion, found appellants in contempt of court, and dismissed their complaint for want of prosecution.

{¶ 6} Appellants now appeal, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN

ORDERING THAT THE COMPLAINT BE DISMISSED.

{¶ 8} Appellants challenge the trial court's grant of Kirby's contempt motion on two grounds. Appellants first argue the trial court erred in finding them in contempt of court because there is no journalized court entry ordering appellants to provide discovery.

{¶ 9} Contempt is defined in general terms as disobedience of a court order. *Dudley v. Dudley*, 12th Dist. Butler No. CA2013-09-163, 2014-Ohio-3992, ¶ 21. A trial court's authority to sanction a party for failure to obey discovery orders is governed by Civ.R. 37(B)(1). Pursuant to Civ.R. 37(B)(1)(g), a trial court may sanction a party for failure to obey an order to provide or permit discovery by "[t]reating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination."

{¶ 10} Kirby asserts that on February 7, 2018, the trial court verbally granted his motion to compel discovery and ordered appellants to respond to the discovery requests within 30 days. Several months later, Kirby moved the trial court to find appellants in contempt, and the trial court ostensibly found appellants in contempt, for their failure to comply with the trial court's February 7, 2018 order.

{¶ 11} It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *Holbrook v. Holbrook*, 12th Dist. Warren No. CA2017-05-055, 2018-Ohio-2360, ¶ 12. *See also State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721 (without a journal entry, a decision or finding of a court has no force or effect). Further, an entry is effective only when it has been journalized, that is, when it has been reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette No. CA2016-10-014, 2017-Ohio-4370, ¶ 39.

{¶ 12} As stated above, the trial court's order purportedly granting Kirby's motion to compel on February 7, 2018, was never journalized. It has therefore no force or effect.

- 3 -

Because no order was journalized ordering appellants to provide discovery responses within 30 days, there was no order violated by appellants. A trial court cannot find a party in contempt for violating a court order when no court order exists. The trial court, therefore, erred in finding appellants in contempt of court.

{¶ 13} Appellants further argue the trial court erred in dismissing their complaint with prejudice without first giving them notice of its intent to dismiss as required by Civ.R. 41(B)(1).

{¶ 14} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). Abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Id.*

{¶ 15} Civ.R. 41(B)(1) provides that "where the plaintiff fails to prosecute or comply with these rules or any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or claim." The notice requirement of Civ.R. 41(B)(1) "applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)[1][e] for failure to comply with discovery orders." (Emphasis sic.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St. 3d 99, 101 (1986). The notice requirement of Civ.R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut* at 49. "[I]mplied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal." *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 19, citing *Sazima v. Chalko,* 86 Ohio St.3d 151 (1999); and *Quonset Hut.*

{¶ 16} The trial court never gave actual notice of its intent to dismiss appellants' complaint as required by Civ.R. 41(B)(1). Kirby asserts that because his contempt motion also sought dismissal of appellants' complaint for failure to comply with the trial court's

discovery order, appellants and their counsel were on notice that the case could be dismissed with prejudice in compliance with *Quonset Hut* and *Sazima*. However, as stated above, the trial court's purported order granting Kirby's motion to compel on February 7, 2018, and ordering appellants to provide discovery within 30 days was never journalized and therefore has no force or effect. Consequently, there was no court order violated by appellants to support the dismissal of their complaint pursuant to Civ.R. 37(B)(1)(e).

{¶ 17} Moreover, we note that the trial court issued a scheduling order on February 7, 2018, requiring the parties to complete "all discovery" by December 31, 2018. There were no provisions in the scheduling order that failure to complete all discovery before December 31, 2018, may result in sanctions, including the dismissal of the case. Yet, the trial court dismissed appellants' complaint as a sanction for failure to provide discovery five months before all discovery was required to be completed. We further note that during the proceedings below, Kirby acknowledged receiving certain records from appellants as well as appellants' handwritten responses to some of the interrogatories.

{¶ 18} In light of the foregoing, we find that the trial court abused its discretion in dismissing appellants' complaint with prejudice. Appellants' assignment of error is sustained.

{¶ 19} Judgment reversed and cause remanded for further proceedings consistent with this opinion.

HENDRICKSON, P.J., and PIPER, J., concur.