[Cite as *Wightman v. Weade*, 2019-Ohio-4915.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| JOHN WIGHTMAN, et al., | : | CASE NO. CA2019-04-006 |
| Appellants, | : | O P I N I O N<br>12/2/2019 |
| | : | |
| - vs - | : | |
| | : | |
| WEADE, LLC REALTORS AND<br>AUCTIONEERS, et al., | : | |
| | : | |
| Appellees. | | |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CV20180077


John H. Flessa, 810 Sycamore Street, Cincinnati, Ohio 45202, for appellants

Pyper & Associates, LLC, Thomas H. Pyper, 7601 Paragon Road, Suite 103, Dayton, Ohio 45459, for appellee, Weade, LLC Realtors and Auctioneers

Reminger Co., LPA, Zachary B. Pyers, Brandon L. Abshier, 200 Civic Center Drive, Suite 800, Columbus, Ohio 43215, for appellee, John R. Willis

Stephen K. Shaw Law, LLC, Stephen K. Shaw, 8157 Camargo Road, Lower Unit, Madeira, Ohio 45243, for appellee, Barbara Saunders


**M. POWELL, J.**

{¶ 1}  Appellants, John Wightman and Lori Wightman ("appellants" collectively, and individually as "John Wightman" and "Lori Wightman"), appeal the decision of the Fayette

County Court of Common Pleas granting judgment in favor of appellees, Weade, LLC Realtors and Auctioneers, John R. Willis, and Barbara Saunders ("appellees" collectively, and individually as "Weade," "Willis," and "Saunders," respectively).[1]

{¶ 2} Appellants were tenants of a rental property owned by Willis and Saunders and managed by Weade. Appellants filed their initial complaint in March 2018 against Weade, alleging personal injuries and other damages arising from a mold infestation in the property. On June 11, 2018 appellants filed an amended complaint to include Willis and Saunders.[2] In September, the trial court filed a scheduling order establishing discovery cut-off and trial dates. At the end of September and early October, appellees moved the court to compel discovery from appellants citing appellants' limited and incomplete responses to their discovery requests. On November 9, 2018, the trial court granted appellees' motion and ordered appellants to comply with appellees' discovery requests by December 3, 2018.

{¶ 3} Appellants did not comply with this court order. Consequently, two of the appellees moved to dismiss the complaint with prejudice in December 2018. The third appellee filed a similar motion in January 2019. Appellants filed a response to the motion to dismiss. The trial court held a hearing on the matter at the end of January 2019. John Wightman and his attorney attended and participated in this hearing. Lori Wightman did not appear for the hearing.

{¶ 4} On February 7, 2019, the trial court entered an order denying the motions to

---

1. There is an issue as to whether Lori Wightman's appeal is properly before this court. Appellants' counsel included Lori Wightman as a party in the notice of appeal and in his notice of substitute representation. However, counsel did not submit a brief on behalf of Lori Wightman and averred at oral argument that he did not represent Lori Wightman. Nevertheless, without an entry in the record granting either counsel's motion to withdraw from representation or a motion to dismiss, this court shall consider Lori Wightman as an additional appellant and address her appeal together with that of John Wightman.

2. The amended complaint included a fourth defendant who was subsequently granted summary judgment in his favor. Appellants did not appeal that decision.

dismiss, but ordered appellants to pay the appellees' reasonable attorney fees for the motion, ordered Lori Wightman, in accordance with her attorney's representation to the trial court, to file a notice of dismissal for any medical or employment loss damage claims, and ordered appellants to comply with specific discovery requests by February 15 and March 1, 2019. In this order, the trial court notified appellants that any further failure to comply with the court's order would subject them to sanctions including dismissal of the complaint. The court deferred further consideration of an award of attorney fees pending appellees' submission of affidavits within fifteen days.

{¶ 5} In response to that order, John Wightman filed a partial answer to the interrogatories, filed a witness list, and submitted limited documents and release authorizations. Lori Wightman submitted nothing and did not dismiss her claims, as agreed. After the February discovery response deadline had passed, appellees moved for sanctions, requesting a dismissal with prejudice against appellants for their failure to fully comply with the discovery order. After the March 1, 2019 discovery response deadline, two of the appellees further moved for sanctions against appellants for the additional failure to comply. Appellants did not file a response to these motions. The trial court held a hearing on this matter in late March 2019. John Wightman and his attorney attended and participated in this hearing. Lori Wightman did not appear for the hearing.

{¶ 6} On April 1, 2019 the trial court granted appellees' motions and entered "default judgment with prejudice" in favor of appellees.[3] In this judgment entry, the trial court did not award attorney fees to appellees in view of having rendered default judgment in appellees' favor, but stated that it would order appellants to pay appellees' attorney fees if the cause were to be reversed on appeal and remanded.

---

3. As will be discussed in this opinion, the trial court's final order amounted to a dismissal with prejudice.

{¶ 7}   Appellants now appeal raising two assignments of error for review.

{¶ 8}   Assignment of Error No. 1:

{¶ 9}   THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GIVE PLAINTIFF OR PLAINTIFF'S COUNSEL ACTUAL, PREREQUISITE, SPECIFIC NOTICE OF THE COURT'S INTENTION TO ORDER THE MOST SEVERE SANCTION, TO DISMISS THE PLAINTIFF'S CASE WITH PREJUDICE, BY IMPROPERLY GRANTING DEFAULT JUDGMENT.

{¶ 10}   In the first assignment of error, appellants argue two issues.  First, appellants contend that the trial court failed to provide actual notice that it intended to dismiss the cause with prejudice as required by Civ.R. 41(B).  Second, appellants argue that the dismissal with prejudice was an excessive sanction because there was nothing in the record to show that appellants' failure to respond was willful or in bad faith.

{¶ 11}   Before addressing the merits of the case, we first discuss the characterization used by the trial court in its final order.  Regarding the sanctions of dismissal and default judgment contained in Civ.R. 37(B)(1)(e) and (f) respectively, "dismissal applies to a plaintiff's case" and a "default judgment is entered against a defendant." *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 15, citing Civ.R. 41 and 55.  Therefore, the trial court decision to grant appellees motions and render "default judgment in favor of Defendants as to all claims which is a judgment with prejudice" is technically incorrect.  Default judgment may not be granted against appellants because they were the party seeking affirmative relief, not the party against whom affirmative relief was sought.  *See* Civ.R. 55.  Nevertheless, the effect of the order is the dismissal of appellants' cause of action on the merits as provided in Civ.R. 41(B).  Accordingly, this court will review the order as a dismissal pursuant to Civ.R. 37(B)(1)(e) and 41(B)(1).

{¶ 12}   Civ.R. 41(B) sets forth a trial court's authority to involuntarily dismiss a

plaintiff's action or claim. Unless otherwise indicated, a dismissal pursuant to Civ.R. 41(B) is an adjudication on the merits. "A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). Therefore, the rule requires that a trial court give the plaintiff notice of its intention to dismiss the action before it may do so. Civ.R. 41(B)(1).

{¶ 13} "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Collins v. Kirby*, 12th Dist. Warren No. CA2018-07-079, 2019-Ohio-1293, ¶ 14, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). Consequently, an appellate court will review a dismissal for an abuse of discretion. *Quonset Hut* at 47. An abuse of discretion is more than an error of law or judgment, it implies an attitude of the court that is unreasonable, arbitrary, or unconscionable. *Id.* However, the abuse of discretion standard is "heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits," *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 (1997), because one of the tenets of Ohio jurisprudence is that "disposition of cases on their merits is favored in the law." *Id* at 371. Notwithstanding the heightened scrutiny, dismissal with prejudice is warranted when the conduct of a party is "'negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" *Quonset Hut* at 48, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632 (1992).

{¶ 14} Civ.R. 37 sets forth a trial court's authority to compel discovery and sanction litigants for a failure to produce or permit discovery. Civ.R. 37(B)(1) provides:

> If a party * * * fails to obey an order to provide or permit discovery, including an order made under Civ.R. 35 or Civ.R. 37(A), the court may issue further just orders. They may include the following:
> * * *
>
> (e) Dismissing the action or proceeding in whole or in part;

{¶ 15} For dismissals with prejudice entered pursuant to Civ.R. 37(B)(1)(e), the notice requirement of Crim.R. 41(B)(1) applies. *Kirby,* 2019-Ohio-1293 at ¶ 15, citing *Ohio Furniture Co.,* 22 Ohio St.3d at 101.

{¶ 16} Contrary to appellants' argument, the trial court does not have to give *actual* notice of its intention to dismiss with prejudice. *Sazima v. Chalko,* 86 Ohio St.3d 151, 155-156 (1999). Instead, the requisite notice "'may be implied when reasonable under the circumstances.'" *Id.* at 155, quoting *Quonset Hut,* 80 Ohio St.3d at 49. This is because, the "purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Id.* The *Quonset Hut* court held that

> for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.

80 Ohio St. 3d at 49. Accordingly, the *Quonset Hut* court found that the plaintiff had adequate notice under Civ.R. 41(B) when the defendant filed a motion to dismiss with prejudice and the plaintiff did not take any later steps to correct the noncompliance. *Id.* at 48-49; *compare with Sazima* at 157 (Trial court abused its discretion dismissing for noncompliance because the plaintiff belatedly complied with the outstanding court order days before the trial court entered the dismissal.) As this court has explained, "implied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal." *Producers Credit Corp.,* 2003-Ohio-1067 at ¶ 19.

{¶ 17} We find appellants had the requisite notice of dismissal with prejudice and did nothing to correct the noncompliance. The trial court employed several measures to produce compliance from appellants. Prior to dismissing appellants' action, the trial court

twice ordered appellants to provide discovery. The trial court denied appellees' initial motions to dismiss with prejudice. Further, the trial court conducted hearings upon the matter at which John Wightman, and his attorney, were present and afforded the opportunity to explain appellants' failure to provide the discovery as ordered. In its second order to compel discovery, the trial court expressly notified appellants that a failure to comply would subject them to sanctions, including the dismissal of their action. Upon appellants' second failure to comply, appellees again moved for sanctions specifically requesting dismissal with prejudice. Appellants took no action to comply with or respond to the trial court's order, and did not provide a response to appellees' motions. Therefore, appellees' motions for sanctions specifically requesting dismissal with prejudice and the trial court's warning that a continued failure to comply with its order compelling discovery may result in dismissal gave appellants adequate notice under Civ.R. 41(B). The trial court did not abuse its discretion dismissing appellants' complaint with prejudice.

{¶ 18} Next, appellants argue that the dismissal was too severe a sanction because they had significantly complied with the discovery orders and any noncompliance was not willful or in bad faith.

{¶ 19} The record is silent as to why appellants failed to comply with the discovery orders. Appellants did not avail themselves of the opportunity to explain their noncompliance by filing responses to the second iteration of appellees' motions for sanctions. Additionally, appellants did not file transcripts for the two hearings on the matter, during which they were also afforded an opportunity to explain their noncompliance.

{¶ 20} In the absence of these transcripts, "the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Specifically, the trial court found that

- 7 -

[Appellants] have still not filed written notarized responses to the interrogatories submitted to them last year, have not filed a written response to the request for production of documents (although they have been submitting some to counsel periodically), have not obtained any tax records and have not provided any proof of wage loss and have not provided copies of recordings of conversations allegedly made with [appellee] Weade's representatives.

{¶ 21} Thus, we must presume the regularity of the proceeding and that the trial court had an adequate basis to both find that appellants repeatedly failed to comply with the orders compelling discovery and dismiss appellants' complaint with prejudice.

{¶ 22} The record establishes that the trial court had employed less severe measures to produce compliance and appellants failed to comply with these orders for a significant length of time. Furthermore, the fact that John Wightman was present with counsel at the discovery compliance hearings belies appellants' argument that their failure to comply with the discovery order was merely due to legal naivete and ignorance of the discovery process. By his presence at the hearings, John Wightman was directly aware of his need to comply with the discovery orders. His subsequent failure to comply, without anything in the record to the contrary, can only be described as substantial negligence and irresponsibility such that a dismissal with prejudice was warranted. Additionally, Lori Wightman's failure to appear at these hearings and failure to comply with the trial court's orders showed a failure to prosecute and irresponsible conduct substantial enough to warrant the dismissal with prejudice. Ultimately, as the *Quonset Hut* court explained, "[t]here was no reason for the trial court to expect that one more warning would have prompted [the plaintiff] to comply with the discovery order it had ignored for over four months * * *." 80 Ohio St.3d at 49.

{¶ 23} Therefore, the trial court did not abuse its discretion dismissing appellants' cause of action with prejudice. Accordingly, appellants' first assignment of error is

overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OPENLY COERCING PLAINTIFF IN ITS FINAL APPEALABLE ORDER THAT IT WILL ORDER PLAINTIFF TO PAY DEFENDANTS' ATTORNEY FEES "SHOULD THIS JUDGMENT BE REVERSED ON APPEAL."

{¶ 26} In their second assignment of error, appellants argue the trial court's statement about ordering payment of attorney fees should the cause be reversed and remanded was an attempt to intimidate or coerce appellants into foregoing the appeal.

{¶ 27} Despite the language employed by the trial court, which might be construed as an effort to discourage an appeal, we understand the trial court to have merely recognized the principle that "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). In other words, the trial court was observing that an award of attorney fees would be an unnecessary sanction in view of the dismissal of the action, but should the order dismissing the matter be reversed on appeal, on remand the trial court would consider the award of attorney fees that was pending at the time of dismissal.

{¶ 28} In any event, our resolution of appellants' first assignment of error necessarily moots appellants' second assignment of error. As this court has previously explained, "actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties." *Schreyer v. Bd. of Commrs. of Preble Cty.*, 12th Dist. Preble No. CA2012-12-018, 2013-Ohio-3087, ¶ 13. Therefore, appellants' second assignment of error is overruled as moot. *See* App.R. 12(A)(1)(c).

{¶ **29**}  Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.