[Cite as *Haynes v. RGF Staffing USA*, 2021-Ohio-1927.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

JAMIE A. HAYNES,

    PLAINTIFF-APPELLANT,          CASE NO.  17-21-02

    v.

RGF STAFFING USA, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.

---

JAMIE A. HAYNES,

    PLAINTIFF-APPELLANT,          CASE NO.  17-21-04

    v.

RGF STAFFING USA, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.

---

**Appeals from Shelby County Common Pleas Court**
**Trial Court Nos. 19CV000293 and 20CV000076**

**Judgments Affirmed**

**Date of Decision:   June 7, 2021**

---

**APPEARANCES:**

    *Jennifer L. Lawther* for Appellant

    *Christopher A. Benintendi* for Appellee, RGF Staffing USA

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Jamie A. Haynes ("Haynes"), appeals the January 4, 2021 judgment entries of the Shelby County Court of Common Pleas dismissing her petitions against defendants-appellees, RGF Staffing USA ("RGF") and the Ohio Bureau of Workers' Compensation ("BWC"). For the reasons that follow, we affirm.

{¶2} Haynes was injured in a work-place accident on August 15, 2018. Consequently, Haynes filed a First Report of Injury, Occupational Disease or Death ("FROI-1"), which was allowed for "carpal tunnel syndrome, right upper limb; laceration without foreign body of right middle finger with damage to nail; laceration without foreign body of right index finger with damage to nail; crushing injury of right hand; crushing injury of right wrist and hand; and traumatic compartment syndrome of right upper extremity." (Case No. 19CV000293, Doc. No. 2).

{¶3} On May 29, 2019, Haynes filed a motion requesting that her claim be additionally allowed for substantial aggravation of pre-existing major depressive disorder, recurrent, severe. On August 10, 2019, Haynes's motion was denied by a district hearing officer ("DHO") for the Industrial Commission. Haynes appealed the DHO's decision and a staff hearing officer ("SHO") for the Industrial Commission denied Haynes's motion on October 2, 2019. Haynes appealed the

SHO's decision to the Industrial Commission, but the Industrial Commission issued an order on October 22, 2019 refusing to hear her appeal.

{¶4} On December 17, 2019, Haynes appealed the matter to the Shelby County Court of Common Pleas and filed the petition required by R.C. 4123.512(D) asserting a cause of action to participate in the state fund. (Case No. 19CV000293, Doc. Nos. 1, 2). The case was assigned case number 19CV000293. RGF filed an answer on December 30, 2019. (Case No. 19CV000293, Doc. No. 11). On March 3, 2020, the BWC filed an answer requesting that the trial court find Haynes to be "not entitled to participate under the workers' compensation laws of Ohio." (Case No. 19CV000293, Doc. No. 22).

{¶5} On August 14, 2019, Haynes filed a second motion requesting that her claim be additionally allowed for chronic regional pain syndrome right hand/wrist. On October 26, 2019, Haynes's motion was denied by a DHO. Haynes appealed the DHO's decision and a SHO denied Haynes's motion on January 11, 2020. Haynes appealed the SHO's decision to the Industrial Commission, but the Industrial Commission issued an order on January 30, 2020 refusing to hear her appeal.

{¶6} On March 24, 2020, Haynes appealed the matter to the Shelby County Court of Common Pleas and filed the petition required by R.C. 4123.512(D) asserting a cause of action to participate in the state fund. (Case No. 20CV000076,

Doc. Nos. 2, 3). The case was assigned case number 20CV000076. RGF filed an answer on April 2, 2020. (Case No. 20CV000076, Doc. No. 10). On April 21, 2020, the BWC filed an answer requesting that the trial court find Haynes to be "not entitled to participate under the workers' compensation laws of Ohio." (Case No. 20CV000076, Doc. No. 12).

{¶7} On December 15, 2020, RGF filed motions to compel discovery and motions to dismiss the petitions under Civ.R. 37 in response to Haynes's failure to respond to RGF's interrogatories and RGF's request for document production.[1] (Case No. 19CV000293, Doc. No. 33); (Case No. 20CV000076, Doc. No. 25). Because Haynes did not respond, the trial court dismissed Haynes's petitions with prejudice under Civ.R. 37 and 41(B)(1) on January 4, 2021. (Case No. 19CV000293, Doc. No. 34); (Case No. 20CV000076, Doc. No. 26).

{¶8} Haynes filed her notices of appeal on February 3, 2021 and this court consolidated the cases for purposes of appeal. (Case No. 19CV000293, Doc. No. 40); (Case No. 20CV000076, Doc. No. 33). Haynes raises one assignment of error for our review.

---

[1] On February 25, 2020, the trial court ordered the parties in case number 19CV000293 to complete discovery "on or before February 19, 2021." (Case No. 19CV000293, Doc. No. 18). Thereafter, on November 23, 2020, the trial court ordered Haynes in case number 19CV000293 "to produce discovery previously requested by [RGF] on or before December 14, 2020." (Case No. 19CV000293, Doc. No. 29). On May 15, 2020, the trial court ordered the parties in case number 20CV000076 to complete discovery "on or before May 7, 2021." (Case No. 20CV000076, Doc. No. 19).

**Assignment of Error**

**The Trial Court Erred to the Prejudice of Appellant, Jamie A. Haynes, LLC [sic] When it Dismissed Her Case With Prejudice.**

{¶9} In her assignment of error, Haynes argues that the trial court erred by dismissing her petitions with prejudice. Specifically, Haynes contends that she provided RGF "the relevant medical evidence" "[t]hrough the administrative process" and that the trial court's dismissal of her petitions with prejudice (instead of the imposition of a less severe sanction) constitutes an abuse of its discretion. (Appellant's Brief at 4).

*Standard of Review*

{¶10} "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Collins v. Kirby*, 12th Dist. Warren No. CA2018-07-079, 2019-Ohio-1293, ¶ 14, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). "Likewise, '[t]rial courts have sound discretion in deciding what sanctions to impose under Civ.R. 37(B).'" *Ransom v. Aldi, Inc.*, 2d Montgomery Dist. No. 27425, 2017-Ohio-6993, ¶ 29, quoting *Farmer v. PNC Bank, N.A.*, 2d Montgomery No. 27149, 2017-Ohio-4203, ¶ 29, citing *Quonset Hut* at 47-48. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

{¶11} "A trial court is permitted to dismiss a case * * * against a party who fails to comply with a court order, including discovery orders." *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 32, citing Civ.R. 37(B) and 41(B)(1). To that end, Civ.R. 37(B)(1)(e) permits a trial court to "[d]ismiss[] the action or proceeding in whole or in part" "[i]f a party * * * fails to obey an order to provide or permit discovery, including an order made under * * * Civ.R. 37(A) * * * ." Further, Civ.R. 37(B)(1)(e) "permits a court to dismiss an action for a party's failure to comply with a discovery order. However, dismissal is ordered pursuant to Civ.R. 41(B)(1), and the two rules 'should be read in pari materia with regard to dismissals for prejudice.'" (Emphasis deleted.) *Sutherland v. Trotwood/Madison Bd. of Educ.*, 2d Dist. Montgomery No. 19107, 2002 WL 472007, *2 (Mar. 29, 2002), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986).

{¶12} Civ.R. 41(B) governs involuntary dismissals of civil actions. Under Civ.R. 41(B), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "[T]he notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice." (Emphasis sic.) *Ohio Furniture* at 101. Under Civ.R. 41(B)(1), a party has proper notice of an

impending dismissal with prejudice when the trial court informs that party that dismissal is a possibility and has had a reasonable opportunity to defend against that dismissal. *Quonset Hut* at syllabus. However, a trial court need not provide "actual notice of its intention to dismiss with prejudice." *Wightman v. Weade, LLC Realtors & Auctioneers*, 12th Dist. Fayette No. CA2019-04-006, 2019-Ohio-4915, ¶ 16, citing *Sazima v. Chalko*, 86 Ohio St.3d 151, 155-156 (1999).

**{¶13}** "Instead, the requisite notice '"may be implied when reasonable under the circumstances."'" *Id.*, quoting *Sazima* at 155, quoting *Quonset Hut* at 49. "'[I]mplied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal.'" (Citations omitted.) *Collins*, 2019-Ohio-1293, at ¶ 15, quoting *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 19.

**{¶14}** "Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982).

> Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'"

*Quonset Hut* at 48, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632 (1992), quoting *Schreiner v. Karson*, 52 Ohio App.2d 219, 223 (9th Dist.1977).

{¶15} Based on the specific facts and circumstances of this case, we conclude that the trial court did not abuse its discretion by dismissing Haynes's petitions with prejudice. Based on our review of the record, Haynes was on notice that RGF requested that the trial court dismiss her petitions with prejudice and Haynes had a reasonable opportunity to defend against that dismissal. Importantly, the record is silent, in both cases, that Haynes produced any documents pursuant to RGF's multiple demands. Moreover, Haynes's lack of any response to RGF's motions to compel discovery or motions to dismiss the petitions put the trial court in the position to exercise its discretion to dismiss the petitions.

{¶16} Notably, in its motions to dismiss, RGF requested that the trial court dismiss the petitions with prejudice. *See Farmer*, 2017-Ohio-4203, at ¶ 31 (noting that "'[n]otice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice'"), quoting *Ohio Furniture*, 22 Ohio St.3d at 101. Furthermore, because RGF filed its motions to dismiss on December 15, 2020 and the trial court

dismissed Haynes's petitions on January 20, 2021, Haynes had ample time to respond. *See Farmer* at ¶ 36; Loc.R. 15 of the Court of Common Pleas of Shelby County, General Division. Yet, Haynes failed to respond.

{¶17} Nevertheless, Haynes contends that the trial court abused its discretion by dismissing her petitions with prejudice since she provided RGF "the relevant medical evidence" "[t]hrough the administrative process." (Appellant's Brief at 4). Haynes's argument does not warrant reversal of the trial court's decision dismissing her petitions. Importantly, notwithstanding the de novo nature of an appeal under R.C. 4123.512, an injured worker has the burden of proving his or her entitlement to participate, or to continue to participate, in the state fund. Relevant to her argument on appeal, Haynes did not submit to the court of common pleas the administrative record pertinent to the disposition of the case. In other words, missing from the record are the basic administrative records (e.g., the C-86 motions, the DHO and SHO orders, etc.) relevant to Haynes's burden of proving her entitlement to participate in the state fund as well as her burden on appeal. *See Thrower v. Akron*, 9th Dist. Summit No. 21153, 2003-Ohio-1307, ¶ 16 (noting that "[i]t is the appellant's duty on appeal to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court" in an administrative appeal). *See also* App.R. 10. Thus, even though Haynes suggests that she provided the same evidence to RGF during the administrative process that she would have

provided through the discovery process, Haynes's assertion cannot be conclusively determined without providing this court with the relevant evidence from the administrative record or the type of evidence described under App.R. 9 addressing the same. *See State ex rel. Mango v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-945, 2019-Ohio-4774, ¶ 10; *Pritts v. Pritts*, 7th Dist. Belmont No. 00-BA-48, 2001 WL 1610138, *3 (Dec. 11, 2001).

{¶18} Accordingly, since it is Haynes's burden of affirmatively demonstrating error on appeal, we cannot conclude that the trial court abused its discretion by dismissing her petitions with prejudice.

{¶19} Haynes's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**