[Cite as *Home Loan Savs. Bank v. Jehweh, L.L.C.*, 2025-Ohio-2945.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE HOME LOAN SAVINGS BANK, | : | JUDGES: |
| | : | |
| | : | Hon. J. Smith |
| Plaintiff-Appellee, | : | Hon. J. Hess |
| | : | Hon. J. Baldwin |
| -vs- | : | |
| | : | |
| JAHWEH LLC, ET AL., | : | Case No.  2024CA0011 |
| | : | |
| Defendants-Appellants. | : | O P I N I O N |

CHARACTER OF PROCCEDINGS:     Appeal from the Coshocton
County Court of Common
Pleas, Case No.2023CR2192

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT:                  August 18, 2025

APPEARANCES:

For Plaintiff-Appellee

James R. Skelton
309 Main Street
Coshocton, Ohio 43812

For Defendants-Appellants

Brian W. Benbow
Benbow Law Offices LLC
265 Sunrise Center Drive
Zanesville, Ohio 43701

*Smith, J.*

{¶1} Defendant-appellant Jahweh LLC ("*Jahweh*") appeals the November 17, 2022; June 8, 2023; June 13, 2023; and May 21, 2024 entries of the Coshocton County Court of Comon Pleas. Plaintiff-appellee is The Home Loan Savings Bank ("*Home Loan*").

## FACTS AND PROCEDURAL HISTORY

{¶ 2} The litigation between Home Loan and Jahweh LLC has been the subject of multiple prior appeals. In "*Jahweh I*," styled *The Home Loan Savings Bank v. Jahweh LLC,* 2022-Ohio-1118, this court interpreted Jahweh's sole assignment of error as seeking to vacate, under Civ.R. 60(B), a prior cognovit judgment in the amount of $966,471.46 plus interest. The underlying facts of *Jahweh I* reveal that on October of 2018, Home Loan filed a complaint against Jahweh LLC, North Pointe Fitness Institute LLC, and Phillip F. Arthur, seeking judgment on a cognovit note. On October 31, 2018, the trial court issued a judgment on confession, awarding judgment in the amount sought.

{¶3} Over three years after issuance of the judgment, the defendants filed Defendants' Motion to Void the October 31, 2018 Judgment and to Dismiss the Complaint. The trial court found in favor of Phillip Arthur and North Pointe Fitness Institute LLC, holding that the only guarantor on the

note was Jahweh LLC. Consequently, the trial court overruled the motion with regard to Jahweh LLC only.

{¶4} Jahweh LLC appealed. In *Jahweh I,* upon full analysis of the underlying facts at that time, this court concluded that Jahweh: (1) had filed a timely motion for relief from judgment, and (2) that Jahweh's assertion that the guaranty at issue was not converted into a cognovit note supplied a meritorious defense. *Jahweh I* at ¶ 32. In *Jahweh I,* we found that the trial court abused its discretion in failing to grant relief from the cognovit judgment and we reversed the trial court's decision and remanded the matter for further proceedings consistent with our opinion.[1] Our decision in *Jahweh I* was released on March 31, 2022.

{¶5} On April 5, 2022, Home Loan filed an amended complaint containing six counts. The amended complaint named as defendants: Jahweh LLC; A.R. Fountaine LLC; North Pointe Fitness LLC; Phillip F. Arthur, individually; and Phillip F. Arthur as statutory agent for the three companies. For purposes of the appeal, we refer to these defendants collectively as "Jahweh." Home Loan asserted the following claims:

Count One:      Fraudulent Conveyance;

Count Two:      Fraud;

---

[1]*Jahweh I* sets forth a lengthy procedural history which need not be related here.

Count Three:      Tortious Interference;

Count Four:      Unjust Enrichment;

Count Five:      Default on Promissory Note and Guaranty; and,

Count Six:      Default on Guaranty against Jahweh LLC.

{¶6} Jahweh filed a motion to strike the amended complaint. Via judgment entry dated May 12, 2022, the trial court denied the motion. On May 18, 2022, Jahweh appealed the trial court's decision. On June 29, 2022, the appeal was (administratively) dismissed for want of a final appealable order. *The Home Loan Savings Bank v. Jahweh LLC, et al.,* 5th Dist. Coshocton No. 2022CA0016. We will designate this as *Jahweh II.*

{¶7} On July 5, 2022, Jahweh filed an answer and multiple counterclaims to Home Loan's amended complaint. Jahweh set forth the following counterclaims:

Count One:      Common Allegations[2];

Count Two:      Breach of Contract;

Count Three:      Promissory Estoppel;

Count Four:      Quantum Meruit;

---

[2]In the trial court's June 13, 2023 judgment entry, the court wrote: "Count One of Defendants' counterclaim does not set forth a cause of action on its own. Count One simply recites prefatory averments. Therefore, the Court does not consider Count One to be a cause of action." We agree with this finding. The trial court later dismissed Count One of the counterclaims along with the other counterclaims in its May 21, 2024 judgment entry. Therefore, we find no issue regarding the finality of the May 21, 2024 appealed-from judgment entry.

| | |
|---|---|
| Count Five: | Conversion; |
| Count Six: | Defamation; |
| Count Seven: | Tortious Interference with a business relationship; |
| Count Eight : | Abuse of Process; |
| Count Nine: | Malicious Civil Prosecution; |
| Cout Ten: | Declaratory Judgment; and, |
| Count Eleven: | Tortious Interference with Contractual Relationship. |

{¶8} On July 13, 2022, Home Loan filed an answer to the counterclaims, motion for judgment on the pleadings, and a motion for summary judgment supported by an affidavit from Thomas Conidi, Executive Vice President and Direction of Loan Administration of The Home Loan Savings Bank. On July 27, 2022, Jahweh filed a memorandum contra to Home Loan's motion for judgment on the pleadings. On July 28, 2022, Home Loan filed an amended affidavit from Thomas Conidi. The amended affidavit contained a correction to the actual balance alleging that $433,177.22 remained due on the loan.

{¶9} On November 17, 2022, the trial court granted Home Loan's motion for summary judgment as to counts five and six of the amended complaint and granted judgment to Home Loan in the amount of $433,177.22 plus interest. The trial court denied Home Loan's motion for

summary judgment as to all other counts.  However, the trial court certified there was no just cause for delay.

{¶10} When Jahweh filed an appeal of the November 17, 2022 decision, this court dismissed it for lack of a final appealable order, noting that in addition to the four remaining counts, the trial court's decision addressed none of Jahweh's counterclaims.  Thus, the third appeal is known as *The Home Loan Savings Bank v. Jahweh LLC,* et al., 2023-Ohio-1166, "*Jahweh III.*"  *Jahweh III* was released on April 7, 2023.[3]

ASSIGNMENTS OF ERROR

{¶11} Jahweh sets forth the following assignments of error for review.

> I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ISSUING JUDGMENT IN APPELLEE'S FAVOR IN A CASE WHERE APPELLEE FAILED TO TIMELY COMMENCE THE ACTION BY OBTAINING SERVICE OF PROCESS WITHIN ONE YEAR OF FILING IN VIOLATION OF CIV.R. 3 AND CONTRARY TO THE SUPREME COURT'S EXPRESS HOLDING OF ACKMAN V. MERCY HEALTH W. HOSP., L.L.C., 2024-OHIO-3159.

---

[3]Our decision in *Jahweh III* reiterated the procedural history between these litigants, including the history on remand as a result of *Jahweh I*.  We need not relate it here.  Further, appeals in *Jahweh IV* and *V* were also administratively dismissed for lack of final appealable orders by respective entries issued on June 12, 2023 and July 11, 2023.  We proceed to consider *Jahweh VI* herein and set forth additional facts where necessary.

THE TRIAL COURT THUS COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION TO VACATE THE OCTOBER 31, 2018 JUDGMENT ENTRY, AS THAT JUDGMENT ENTRY WAS VOID FOR LACK OF PERSONAL JURISDICTION OVER APPELLANT WHO WAS NEVER SERVED UNDER CIV.R. 4. THE TRIAL COURT THUS COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT'S MOTION TO VACATE BECAUSE THE OCTOBER 31, 2018 JUDGMENT ENTRY WAS VOID AB INITO.

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT DISMISSING APPELLEE'S COMPLAINT. APPELLEE NEVER WAIVED SERVICE BY WAY OF THE NON-EXISTENT COGNOVIT PROVISION. THE TRIAL COURT THUS LACKED SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION OVER APPELLEE'S COMPLAINT, AS THE CASE WAS NEVER PROPERLY COMMENCED UNDER CIV.R. 3(A).

THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER APPELLANT IN THAT APPELLEE NEVER SERVED APPELLANT WITHIN ONE YEAR OF FILING ITS COMPLAINT. APPELLEE NEVER WAIVED SERVICE. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER APPELLEE'S COMPLAINT.

II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RENDERING A JUDGMENT AGAINST PARTIES THAT HAD BEEN PREVIOUSLY DISMISSED, PHILLIP ARTHUR, INDIVIDUALLY AND NORTHPOINTE FITNESS INSTITUTE LLC

WHEN ALL CLAIMS AGAINST SAID PARTIES WERE BARRED BY RES JUDICATA AND THE LAW OF THE CASE DOCTRINE.

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ISSUING SUMMARY JUDGMENT ON AN ILLEGALLY FILED AMENDED COMPLAINT BARRED BY THE LAW OF THE CASE DOCTRINE WHEN SAID AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OF COURT AND ASSERTED CLAIMS THAT AROSE FROM THE SAME COMMON NUCLEUS OF FACTS WHEN THERE WERE GENUINE ISUES OF MATERIAL FACT IN WHICH THE MOVING PARTY, APPELLEE, PRESENTED NO EVIDENCE TO SUSTAIN ITS INITIAL BURDEN UNDER CIV.R.56(C). SAID CLAIMS WERE INSUFFICIENT AS A MATTER OF LAW BASED UPON APPLICATION OF THE LAW OF THE CASE DOCTRINE.

III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ISSUING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AND APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON AN ILLEGALLY FILED AMENDED COMPLAINT BARRED BY THE LAW OF THE CASE DOCTRINE WHEN SAID AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OF COURT AND ASSERTED CLAIMS THAT AROSE FROM THE SAME COMMON NUCLEUS OF FACTS.

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ISSUING SUMMARY JUDGMENT ON AN ILLEGALLY FILED AMENDED COMPLAINT BARRED BY

THE LAW OF THE CASE DOCTRINE WHEN SAID AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OF COURT AND ASSERTED CLAIMS THAT AROSE FROM THE SAME COMMON NUCLEUS OF FACTS WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT IN WHICH THE MOVING PARTY, APPELLEE, PRESENTED NO EVIDENCE TO SUSTAIN ITS INITIAL BURDEN UNDER CIV.R. 56(C). SAID CLAIMS WERE INSUFFICIENT AS A MATTER OF LAW BASED UPON APPLICATION OF THE LAW OF THE CASE DOCTRINE.

IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN VIOLATION OF DUE PROCESS AND CIV.R.41(B)(1) WHEN IT ISSUED A DEFAULT JUDGMENT ON APPELLEE'S COMPLAINT AND WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM WITH PREJUDICE WITHOUT ANY ADVANCE NOTICE OR WARNING TO APPELLANTS IN VIOLATION OF THE SUPREME COURT'S HOLDING IN QUONSET HUT V. FORD MOTOR COMPANY, 80 OHIO STATE 3rd 46.

{¶12} We begin by setting forth the legal principles which have been raised within Jahweh's first three assignments of error.

LEGAL PRINCIPLES

Conformity with Appellate Rules

{¶13} Parties must comply with the Ohio Rules of Appellate Procedure. *See Grimes v. Grimes,* 2012-Ohio-3562, at fn 4 (4th Dist.). In *Jahweh I*, we observed that Jahweh submitted one assignment of error with

distinct subparts. *Id*. at ¶ 11. We also noted the assignment of error contained references to several errors. *Id.* at ¶ 17. In the current appeal, Jahweh presents four assignments of error, three of which also contain references to multiple alleged errors. We would direct appellant to App.R. 12(A)(2), which provides that an appellate court may disregard any assignment of error presented if the party raising it fails to argue the assignment separately in the brief. *See Natl. Check Bur., Inc. v. Woodgeard,* 2006-Ohio-140, at ¶ 14 (5th Dist.).

{¶14} Similarly, we note that Home Loan has elected to combine its responses to assignments of error one, two, and three. Though the appellate court has the option to address two or more assignments of error at once, the parties do not. *See State v. Dukes,* 2017-Ohio-2704, at ¶ 59 (4th Dist.). Although App.R. 12(A)(2) permits us to disregard assignments of error not properly presented or separately argued, because we prefer to resolve appeals based on merit, we will consider the parties' arguments herein. *See Grimes*, *supra.* *See also McEwen v. Doyle,* 1992 WL 330310, *2 (5th Dist.).

Cognovit Judgments

{¶15} " 'A cognovit promissory note is a special type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an immediate judgment against

him without prior notice or an opportunity to be heard.' " *KeyBank National Association v. Midtown Inspirion, LLC,* 2025-Ohio-1737 ¶ 23 (8th Dist.), quoting *Sutton Bank v. Progressive Polymers, L.L.C.,* 2020-Ohio-5101, ¶ 12, citing *D.H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174 (1972). "The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial." *Buzby v. Chamoun,* 2014-Ohio-4676, ¶ 5 (8th Dist.). Therefore, when a debtor signs a cognovit note, the debtor relinquishes the possibility of notice, hearing, or appearance at an action to collect in the event of nonpayment on the note. *See Medina Supply Co., Inc. v. Corrado,* 116 Ohio App.3d 847, 851 (8th Dist. 1996).

Remand

{¶16} Our decision in *Jahweh I* found merit to Jahweh's construed 60(B) motion, reversed the trial court's decision, and remanded the matter for further proceedings. " 'Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.' " *Batten v. Batten*, 2011-Ohio-3803, ¶ 20 (5th Dist.), quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). In *Jahweh I,* we held that the trial court abused its discretion by failing to grant relief to Jahweh LLC from the cognovit judgment. The point at which error occurred is the date the cognovit judgment against Jahweh LLC was granted, which was

October 31, 2018.  Thus, the trial court was required proceed from the point just prior to when the erroneous October 31, 2018 cognovit judgment was issued, which is October 30, 2018.

Jurisdiction

{¶17} " 'It is rudimentary that in order to render a valid judgment, the court must have personal jurisdiction over the defendant.' " *Toledo v. AH and TQ, Inc.,* 2023-Ohio-2790, at ¶ 23, quoting *Maryhew v. Yova,* 11 Ohio St.3d 154, 156 (1984).  " 'Proper service of process is a prerequisite for personal jurisdiction.' " *Fifth Third Bank v. Bolera,* 2017-Ohio-9091, ¶ 15 (12th Dist.), quoting *Williams v. Gray Guy Group.,* 2016-Ohio-8499, ¶ 18 (10th Dist.).  " 'In the absence of service of process or the waiver of service by the defendant [under Civ.R. 4.7], a court ordinarily may not exercise jurisdiction over a party the complaint names as a defendant.' " *Toledo, supra,* at ¶ 26, quoting *Williams* at ¶ 18, citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).

Law of the Case Doctrine

{¶18} The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.  *See State ex rel. Yost v. Rover Pipeline, LLC*, 2024-Ohio-

4769, ¶ 19 (5th Dist.)(Petition for Writ of Certiori docketed April 29, 2025, U.S.); *Giancola v. Azem*, 2018-Ohio-1694, ¶ 14. (Internal citations omitted.) However, the doctrine of the law of the case only comes into play with respect to issues previously determined and "while a mandate is controlling as to matters within its compass, on remand a lower court is free as to other issues." *Id.* at ¶ 16. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Nolan v. Nolan,* 11 Ohio St.3d 1 (1984). The rule is designed to ensure consistency of results in a case. *Id.*

Res Judicata

{¶19} "The doctrine of res judicata precludes 'relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' " *Fields v. Zanesville Police Dept.*, 2023-Ohio-2988, at ¶ 19, quoting *State ex rel. Kroger v. Indus. Comm. Of Ohio,* 80 Ohio St.3d 649 (1998). Where there is a valid, final judgment rendered on the merits, res judicata bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject of the previous case. *Grava v. Parkman Twp.,* 73 Ohio St.3d 379 (1995). " In order to apply the doctrine of res judicata, we must conclude the following: '(1) there was a prior valid

judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence.' " *King v . Republic Steel,* 2021-Ohio-861, at ¶ 20 (5th Dist.), quoting *Grava, supra. See also Roubanes v. Brown,* 2015-Ohio-5112, at ¶ 30 (5th Dist.).

Pro Se Litigants

{¶20} " 'Like members of the bar, pro se litigants are required to comply with rules of practice and procedure.' " *Sultaana v. Arrington,* 2025-Ohio-1535, ¶ 6 (5th Dist.), quoting *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). Herein, Jahweh elected to proceed pro se after the trial court granted Attorney Benbow's motion to withdraw in open court on April 11, 2024, and by entry filed April 18, 2024. Phillip Arthur did not procure an attorney to represent him going forward during the trial court proceedings between April 18 and May 21, 2024. " Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Commonwealth Casualty Insurance Company v. Small*, 2025-Ohio-184, at ¶ 25 (10th Dist.).

Analysis

Assignments of Error One through Three

{¶21} As noted, Jahweh's first three assignments of error contain references to multiple errors within each. We have done our best to decipher and distill the focus of Jahweh's arguments in each. Unfortunately, we interpret Jahweh's first three assignments of error as containing arguments which are misdirected to the original cognovit judgment and, therefore, rendered moot by virtue of our decision in *Jahweh I.* As previously discussed, in *Jahweh I* we ordered that the judgment on the cognovit note granted in favor of Home Loan and against Jahweh LLC be vacated.

{¶22} Under Jahweh's first assignment of error in the current appeal, Jahweh challenges the trial court's personal jurisdiction, arguing that the trial court committed prejudicial error in not dismissing the complaint because service of process was not perfected within one year of filing. Jahweh contends that the trial court lacked personal jurisdiction in that it *did not voluntarily submit to the trial court's jurisdiction prior to judgment* being entered. (Emphasis added.) Furthermore, "Appellant did not affirmatively waive service, as the boxes of the Guarantee that purport to waive service were not checked." Jahweh continues, arguing that "[a]ny waivers must be strictly scrutinized *in the context of cognovit notes*

especially when the express waivers at page two of the alleged agreement were never signed." (Emphasis added.)

{¶23} It is inexplicable to us that Jahweh could construe this court's decision in *Jahweh I* as addressing and impacting anything other than the limited findings related to the vacated cognovit judgment discussed above. Yet, Jahweh attempts to create an issue of service of the amended complaint by relying on language from *Jahweh I*, in which this court stated, "the record contains no clear evidence of when Jahweh received notice of the judgment." *Id*. at ¶ 18. It should be obvious from this language in *Jahweh I* that the court meant there was no clear evidence of when Jahweh received notice of the cognovit judgment. Based on the above emphasized language, we reasonably interpret Jahweh's jurisdictional argument, directed solely at the cognovit judgment, to be a moot issue.

{¶24} However, to the extent that Jahweh directs the jurisdictional argument to the amended complaint filed April 5, 2022, we note that this argument was previously asserted in Jahweh's motion to strike the amended complaint. In the motion to strike, Jahweh asserted that the amended complaint was not served within one year of filing, pursuant to Civ.R. 3(A). Jahweh also asserted that the claims in the amended complaint were barred by the doctrine of res judicata because the amended complaint contained

claims arising from the same common nucleus of facts as the original complaint. Finally, Jahweh asserted that the amended complaint must fail based on application of the law of the case doctrine.

{¶25} These are the same arguments as asserted in the first, second, and third assignments of error. Under the second assignment of error, Jahweh argues that "this Court is without jurisdiction to allow Appellee to continue the very same case that this Court previously ruled contained insufficient evidence," again mis-citing language from *Jahweh I* at ¶ 28. Under the third assignment of error, Jahweh's brief again devolves into a conflagration of the holding in *Jahweh I* on the cognovit issue, arguing that Jahweh asserts that there can be no judgment on the "alleged cognovit note."

{¶26} In support, Jahweh argues:

This Court reversed the Trial Court's Decision. This Court must dismiss all claims and all parties. This Case is over. Reality needs to set in for the bank. The law of the case doctrine is designed to 'avoid endless litigation by settling the issues' and 'to compel trial courts to follow the mandates of reviewing courts.' Appellee somehow believes it can amend the complaint once a superior court has dismissed the complaint and after this Court dismissed all claims and all parties. All controversies between the parties have been resolved. There can be no further litigation. There can be no amendment. There can be no amendment when the Case has been dismissed. The Bank filed a lawsuit without merit. This Court ruled on the sufficiency of the Complaint filed herein. The Bank lost. The Bank needs to quit this abusive, endless

litigation….There can be no re-litigation when a Court of Appeals rules on the lack of sufficiency of a complaint.

{¶27} Because the trial court addressed the same arguments, we turn to the trial court's May 12, 2022 judgment entry denying the motion to strike the amended complaint. In its well-reasoned decision, the trial court made the following findings:

1. On October 31, 2018, Plaintiff filed a complaint against Defendants Jahweh, LLC, Phillip F. Arthur and North Pointe Fitness Institute, LLC, for breach of a cognovit note.

2. The Court granted judgment on the cognovit note the same day.

3. Defendants filed a motion for Civ.R. 60(B) relief on December 6, 2021, which was granted in part as to Defendants Phillip Arthur and North Pointe Fitness, LLC, but denied as to Jahweh, LLC, on January 5, 2022.

4. Jahweh, LLC appealed and the Court's decision was reversed.

5. On April 7, 2022, the Court granted Jahweh's motion for relief from judgment and the judgment against Jahweh, LLC, was vacated.

6. On April 5, 2022, Plaintiff filed an Amended Complaint….

13. With regard to the promissory note, the complaint alleges that Defendants Jahweh LLC, North Pointe Fitness Institute, LLC, and Phillip F. Arthur executed a

promissory note with Plaintiff, and that Defendants have not made a payment since May 2021.

14. The cause of action on the guarantee is against Defendant Jahweh LLC only, on an original guaranty of $966,400 with $433,177.22 still owing.

{¶28} Further, the trial court's May 12, 2022 judgment entry contained the following Conclusions of Law:

15. Plaintiff's previous complaint was based upon a cognovit note only, and the judgment against Jahweh LLC was vacated because the cognovit provision of the guaranty was not checked.

16. Plaintiff's claims in the amended complaint arose after judgment was originally granted on October 31, 2018. These claims are separate and distinct from the claims made by Plaintiff in the original complaint.

17. Successive foreclosure actions on a single note can be considered different claims. U.S. Bank Natl'Ass'n vs. Gulotta, 120 Ohio St.3d 399, 899 N.E.2d 989 (2008). In the case at bar, Plaintiff avers that delinquencies on the promissory note were incurred after May 2021. Thus, the basis for the amended complaint is different than the basis for the complaint originally filed in 2018. Therefore, the second delinquency is distinct from the first.

18. In 2018, Plaintiff alleged $966,400 was due and owing. The amended complaint now alleges $433,177.22 as due and owing. The second delinquency is distinct from the first and the first judgment was only vacated.

19. The only conclusion that the Court can come to is that the claims brought in the amended complaint are not identical to the claims originally pled by the plaintiff, and the causes of action accrued on dates after the original complaint

was filed. Res judicata only extends to claims that "were or could have been litigated" in the first action. <u>State ex rel. Massey v. Stark Cty. Common Pleas Court</u>, 2017-Ohio-1351 (5th Dist.).

{¶29} If our decision in *Jahweh I* was somehow unclear, the trial court's well-reasoned decision denying Jahweh's motion to strike the amended complaint should have further clarified the baselessness of appellant's arguments. *Jahweh I* only reversed the cognovit judgment but did not dismiss the litigation. The *Jahweh I* decision was issued on March 31, 2022. In accordance with the appellate decision, the trial court vacated the cognovit judgment on April 7, 2022.

{¶30} As Home Loan points out, pursuant to the remand of *Jahweh I,* the case returned to the point prior to where the error occurred, which was October 30, 2018. On that date, the record contained a complaint which had been filed but not served. On April 5, 2022, Home Loan filed its amended complaint.

{¶31} Our review of the entire record reveals that the trial court addressed the odd chronology of the amended complaint. In Paragraph 13 of the trial court's currently-appealed November 17, 2022 judgment entry, the trial court observed:

> [T]he Court takes judicial notice of its entry filed May 12, 2022, denying Defendants' motion to strike Plaintiff's amended complaint. The Court is clearly aware that the

filing of an amended complaint in this case is procedurally awkward, given the ruling in [*Jahweh I*]. However, Ohio law allows for successive foreclosure actions. U.S. Bank Nat'l Ass'n v. Gulotta, 120 Ohio St.3d 399 (2008). Similarly, law of the case doctrine does not automatically preclude the refiling of a foreclosure action that was previously dismissed. Deutsche Bank Nat'l Trust v.Yevitch, 2017-Ohio-7111 (6th Dist. Fulton), at ¶ 21. In summary, the previous ruling of the Court of Appeals in [*Jahweh I*] resulted in the dismissal of Plaintiff's claims relating to the cognovit note because the cognovit provisions were not checked and were unenforceable. Plaintiff has now initiated a new cause of action on a promissory note and guarantee that are separate from the defective cognovit note. Ordinarily, the Plaintiff would file a new action. Plaintiff chose to instead file an amended complaint. Defendants have raised the issue of Plaintiff's failure to comply with the amended pleading requirements of Civ.R. 15, but chose to instead file a motion to strike, arguing jurisdictional and law of the case grounds.[4] In any event, the Court finds that justice requires the amended complaint to stand when considering the holding in Gulotta.

{¶32} The amended complaint was discussed in the trial court's May 12, 2022 judgment entry, the November 17, 2022 judgment entry, and the June 8, 2023 judgment entry. The June 8, 2023 entry finds that "[s]ervice of Plaintiff's amended complaint is shown in the file and on the Court's electronic docket as having been completed by personal service on the named defendants and Phillip Arthur as statutory agent on May 31, 2022."

---

[4]Actually, Civ.R. 15 is not mentioned in the motion to strike. Jahweh relied wholly on the law of the case doctrine and Civ.R. 3.

Our own review of the court's docket supports this finding, showing that on May 31, 2022 service of the amended complaint was accomplished as "personal service by Buddy Hill."[5]

{¶33} A trial judge is presumed to know the law and properly apply it to the facts of the case. *See McGee v. Foshee,* 2009-Ohio-980 at ¶ 12 (5th Dist.). Home Loan argues pursuant to Civ.R. 15(A), "[a] party may amend its pleading once as a matter of course within 28 days after serving it…." And we do not see evidence in the record that Home Loan filed a formal motion to amend its October 18, 2018 complaint. Notwithstanding, the trial court found that the amended complaint should be allowed because justice required it. Civil Rule 15(A) allows for liberal amendment and an appellate court reviews such decisions for an abuse of discretion. *See Scott Holding Company, Inc. V. Turbo Restaurants US, LLC,* 2024-Ohio-5240, at ¶ 27 (5th Dist.). Given that we find no showing of bad faith, undue delay, or undue prejudice to Jahweh, we find the trial court did not abuse its discretion by implicitly allowing the amendment. *See id.*

---

[5] We observe that in *Jahweh III* we found that Jahweh was served with the amended complaint on April 7, 2022. *Id.* at ¶ 14. However, it appears from the court's docket that service was *requested* on April 7, 2022.

{¶34} Based on the foregoing, we find no merit to Jahweh's first assignment of error that the amended complaint was not properly served. Accordingly, the first assignment of error is hereby overruled.

{¶35} Based on the foregoing, Jahweh's argument under the second assignment of error is also without merit. Any res judicata argument directed to the cognovit judgment is moot. Jahweh's argument that the amended complaint is barred by res judicata is also without merit, as correctly explained in the trial court's May 12, 2022 judgment entry. Accordingly, the second assignment of error is hereby overruled.

{¶36} Under the third assignment of error, Jahweh also contends that there was insufficient evidence as a matter of law based upon application of the law of the case doctrine. However, Jahweh's brief again devolves into conflagration of the holding of *Jahweh I* on the cognovit issue instead of making any cogent argument that the law of the case should apply. Jahweh's law of the case argument directed to the cognovit judgment is again moot. Based upon the analysis discussed above, Jahweh's argument that the amended complaint is barred by the law of the case is also without merit. Accordingly, the third assignment of error is without merit and is hereby overruled.

## ASSIGNMENT OF ERROR FOUR

{¶37} Under the fourth assignment of error, Jahweh contends that the trial court committed prejudicial error in violation of due process and Civ.R. 41(B)(1) when it granted Home Loan's motion for default judgment and dismissed Jahweh's remaining counterclaims due to Phillip Arthur's failure to appear at a pretrial. Jahweh asserts that the trial court's entry setting the pretrial failed to put Mr. Arthur on notice that failure to attend would result in judgment and dismissal. Home Loan responds that the dismissal sanction was properly issued due to Arthur's failure to answer interrogatories, not due to his failure to attend the pretrial. Home Loan asks us to find that the trial court properly dismissed the counterclaims and granted judgment on Home Loan's remaining counts pursuant to its discretion under Civ.R. 37(B)(1).

Standard of Review

Civil Rules 37(B)(1) and 41(B)(1)

{¶38} The fourth assignment of error implicates two Ohio civil rules. "Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process." *See Curtin v. McCulley*, 2022-Ohio-2482, ¶ 16 (5th Dist.), citing *Elliott-Thomas v. Smith*, 2018-Ohio-1783 ¶ 20, (Fischer, J., concurring.) " 'A trial court is permitted to dismiss a case * * * against a party who fails to comply with a court order, including discovery orders.' " *Haynes v. RGF Staffing USA,*

2021-Ohio-1927, at ¶ 11(3d Dist.), quoting *Ohio Bell Tel. Co. v. C-5 Constr., Inc.,* 2010-Ohio-4762, ¶ 32 (2d Dist.), citing Civ.R. 37(B) and 41(B)(1). To that end, Civ.R. 37(B)(1)(e) permits a trial court to "[d]ismiss[] the action or proceeding in whole or in part" "[i]f a party * * * fails to obey an order to provide or permit discovery, including an order made under * * * Civ.R. 37(A) * * *." Further, Civ.R. 37(B)(1)(e) "permits a court to dismiss an action for a party's failure to comply with a discovery order. However, dismissal is ordered pursuant to Civ.R. 41(B)(1), and the two rules 'should be read in pari materia with regard to dismissals for prejudice.' " (Emphasis deleted.) *Sutherland v. Trotwood/Madison Bd. of Educ.*, 2002-Ohio-1805, *2 (2d Dist.), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986).

{¶39} Civ.R. 41(B) governs involuntary dismissals of civil actions. *Haynes*, ¶ 12. Under Civ.R. 41(B), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice." (Emphasis sic). *Ohio Furniture* at 101.

{¶40} " 'The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court.' " *Sultaana v. Keefe Supply Company*, 2021-Ohio-3881, at ¶ 26, (11th Dist.), quoting *Quonset Hut, Inc. v. Ford Motor Co.,* 80 Ohio St.3d 46, 47 (1997). " 'A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion.' " *Sultaana, supra* at ¶ 27, quoting *Nakoff v. Fairview Gen. Hosp.,* 75 Ohio St.3d 254 (1996), syllabus; *but see Jones v. Hartranft* , 78 Ohio St.3d 368, 372 (1997), ("although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits"). " 'Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in a dilatory fashion * * *.' " *Sultaana, supra,* quoting *Jones v. Hartranft*, at 372.

Legal Analysis

{¶41} We begin by setting forth a backdrop of the proceedings which led to the trial court's decision to grant Home Loan's Civ.R. 37(B) motion,

thereby finding in favor of Home Loan's claims and dismissing Jahweh's counterclaims. On March 11, 2024, Attorney Benbow filed a Motion to Withdraw as counsel for Phillip Arthur due to a "complete breakdown of the attorney client relationship." In the motion, Attorney Benbow also informed that his wife, who served as his office manager, had a massive heart attack. He indicated a need to lessen his workload in order to assist in his wife's recovery. Finally, Attorney Benbow's motion also indicated that Mr. Arthur was extremely delinquent in paying attorney fees.

{¶42} Thereafter on the same date, Home Loan filed Memorandum in Opposition. Home Loan argued:

> Plaintiff's sole concern with this Motion is the scheduling calendar in this case. A certification as to Plaintiff's Second Request for Production of Documents is due from Defendant March 15, 2024…While Plaintiff does not object to defense counsel withdrawing, said withdrawal must include an order that if this Court adjusts the trial calendar to allow Defendants to obtain new counsel, then Mr. Benbow should not be permitted to re-engage with the Defendants. Basically, Plaintiff is objecting to the Defendants using the withdrawal as a means to obtain a continuance and then defense counsel simply re-engages. Wherefore, Plaintiff requests this Court schedule a hearing where the Court can inquire of the Defendants their intentions as to hiring new counsel.

Subsequently, on March 14, 2024, Home Loan filed "Plaintiff's Third Motion to Compel and Request for Sanctions." The parties' motions came

on for hearing on April 11, 2024. At the hearing, counsel for Home Loan requested that the trial date of June 11-13, 2024 remain the same. The trial judge indicated his intent to keep the trial dates as scheduled.

{¶43} When the judge addressed Mr. Arthur directly, explaining that if the motion were granted the trial schedule would remain the same, Mr. Arthur then indicated he was having difficulty hearing and understanding due to a concussion from a recent car accident. Mr. Arthur also explained he had two traumatic brain injuries from the military and was "not his normal self." The hearing transcript reflects a tedious back exchange amongst the court, the parties' counsel, and Mr. Arthur, which we find unnecessary to relate herein. Initially, the trial court planned to take the motion to withdraw under advisement.

{¶44} However, after further discussion at the April 11, 2024 hearing, the trial court granted the motion to withdraw in open court. The court's subsequent April 18, 2024 judgment entry addressed the motion to withdraw as follows:

> In ruling, the Court places significant weight on defendant Phillip Arthur's direct communication with Plaintiff's counsel. Specifically, the Court finds that Arthur submitted non-responsive answers to interrogatories, and a 173-page document alleging violations of the Hobbs Act directly to Attorney Skelton, without informing his own counsel. The Court finds that

Arthur's actions resulted in a complete breakdown of the attorney-client relationship.

The court's entry also stated that the trial scheduled for June 11-13, 2024 would not be continued.[6]

{¶45} On April 19, 2024, the trial court also issued a judgment entry addressing "Plaintiff's Third Motion to Compel and Request for Sanctions" which contained the following language:

> Whereupon, having heard the arguments of counsel, the Court finds that Philip Arthur's pro se responses to 11 interrogatories submitted are non-responsive and were served upon [Attorney] Skelton more than 28 days after service, in violation of Civ.R. 33(A). The responses can be found in the "Supplement to Plaintiff's Third Motion to Compel," filed March 25, 2024. Defendants are granted until 4:00 p.m., May 3, 2024, to server [sic] Attorney Skelton with answers to the 11 interrogatories. Failure to answer the interrogatories may result in dismissal of Defendants' remaining claims and judgment awarded to Plaintiff on its remaining claims. Civ.R. 37(B)(1).

{¶46} On May 1, 2024, Home Loan filed "Plaintiff's Motion to Prohibit Phillip Arthur from Representing Defendants, Jahweh LLC and A.R. Fountaine LLC, on the Counterclaims and on Plaintiff's Remaining Causes of Action." On May 6, 2024, Home Loan filed a "Motion for

---

[6] In our view, the trial court must have implicitly found, later during the hearing, that Mr. Arthur was of sound mind, able to make the significant decision to terminate his attorney's representation.

Judgment Pursuant to Civil Rule 37(B)(1)."  In the motion for judgment,

Home Loan asserted:

> The Court has done everything it could to permit the Defendants to have their day in court,[7] however, the plaintiff is entitled to a fair trial process as well and Defendants absolute refusal to participate in the discovery process despite this Court's repeated orders has made that impossible.  Given the impending trial date, the arguments set out above, and Defendants continued refusal to comply with this Court's orders. Plaintiff requests this Court find Defendants have willfully violated Civ.R. 37(B)(1), 37(D)(1), 37(D)(2), and 5(B)(4) and dismiss defendants causes of actions 7, 8, and 11 and grant judgment in favor of Plaintiff on its causes of action 1, 2, 3, and 4.

{¶47} On May 13, 2024, Phillip Arthur filed "Defendant's Reply to Plaintiffs' Motion for Judgment and Unauthorized Practice of Law."[8]  Mr. Arthur's reply is a rambling regurgitation of pleadings previously filed by Attorney Benbow.  We set forth only portions relating to Mr. Arthur's argument that the dismissal was without notice, and therefore unfair, as follows:

> 9.     Defendants    received a motion claiming that Defendants were practicing law without a license. Defendants' filing clearly state [sic] that Defendant is seeking counsel.  It's difficult to get counsel in two weeks,

---

[7] We are mindful that Home Loan filed its original action for judgment on the alleged cognovit guaranty in 2018.  Jahweh did not file a motion to vacate the cognovit judgment until 2021.  During the pendency of these proceedings, Jahweh has filed five prior appeals.  Phillip Arthur filed affidavits of disqualification of the trial court judge in the Supreme Court of Ohio on four separate occasions.  Home Loan filed numerous motions to compel or motions for sanctions.  The discovery process relating to a basic promissory note and guaranty became quite protracted.

[8] Home Loan's motion to prohibit Arthur from representing the companies he owned referenced the unauthorized practice of law.

due to their schedule. I had a call with proposed counsel on May 3, 2024 who referred me to another firm and that appointment couldn't be scheduled until May 15, 2024 outside the deadline set by the Court.

{¶48} After Paragraph 31, Mr. Arthur discontinued numbering, but argued as follows:

This Court stated that there will be no continuance, I don't see proposed counsel until May 15, 2024 and have no other options but to respond and defend in a repeated theft offense.

It is respectfully requested that Defendants' cause of action 7, 8, and 11 be maintained and Plaintiff's claims 1, 2, 3, and 4 be dismissed…

If this Court finds that Defendant's [sic] is engaging in the unauthorized practice of law, please grant a continuance until Defendant's [sic] have time to meet with counsel. Attorney Benbow was willing to stay on, the Court denied that representation.[9] Defendants [sic] was left without option.

{¶49} The May 21, 2024 Judgment Entry which Jahweh appeals herein sets forth the relevant outline of the facts and issues leading to the court's dismissal pursuant Civ.R. 37(B)(1). Upon review, we find that the trial court correctly summarized the facts and issues. It is doubtful we could

---

[9] This is a misrepresentation. During the combined motion to withdraw and third motion to compel hearing on April 11, 2024, Attorney Benbow represented that he had not seen Mr. Arthur's responses to interrogatories, which the trial court had deemed non-responsive. At that point, Mr. Benbow, after having explained at length why he needed to withdraw, then offered to correct the responses: "[o]n sitting down with [Mr. Arthur], I can correct these interrogatories easily." We find no evidence in the record that Attorney Benbow offered to stay on through the trial court proceedings for anything other than this limited purpose.

improve upon this discussion by setting forth anything differently than the

trial court did. The May 21, 2024 entry states in pertinent part:

> This matter came before the Court on May 13, 2024 for a pretrial conference. The Plaintiff was present in the form of representative Thomas Conidi, and accompanied by Attorney James Skelton.
>
> Defendant Phillip Arthur was not present and did not answer the call of the Bailiff. Furthermore, the Court has yet to receive a notice of appearance by counsel for remaining Defendants Arthur, Jahweh LLC, and A.R. Fountaine LLC.
>
> Also pending before the Court was "Plaintiff's Motion to Prohibit Phillip Arthur from Representing Defendants, Jahweh LLC and A.R. Fountaine LLC on the Counter-Claims and on Plaintiff's Remaining Causes of Action," filed May 1, 2024, and "Motion for Judgment Pursuant to Civ.R. 37(B)(1)," filed May 6, 2024. The Court also considered Arthur's pro se response to the motions, captioned "Defendants' Reply to Plaintiff's Motion for Judgment and Unauthorized Practice of Law," filed May 13, 2024, at 11:49 a.m…At the bottom of the response is a request for a continuance. However, the response does not address whether the requested continuance is for the pretrial conference or the trial, and the question could not be resolved due to Arthur's failure to appear.
>
> The Court finds Plaintiff's Motion for Judgment Pursuant to Civil Rule 37(B)(1) to be well taken, and said motion is hereby GRANTED.

{¶50} The May 21, 2024 entry continues:

> In so ruling, the Court has taken into account the entire history of this litigation. The Court finds Arthur's discovery violations, his willful efforts to sever the

attorney-client relationship between himself and Attorney Brian Benbow, and his failure to appear for a 2:00 p.m. pretrial conference on May 13, 2024 after having been in the Courthouse earlier that day to file pro se documents warrant this result. The Court finds that this drastic remedy is appropriate when considering the entirety of Arthur's negligent, irresponsible, contumacious, and dilatory conduct. Home Loan Sav. Bank v. Russell, 2010-Ohio-6409 (5th Dist.), citing Quonset Hut, Inc. v. Ford Motor Co., 80 Ohio St.3d 46 (1997).

The Court makes the following FINDINGS OF FACT in support of this decision:

1. On June 14, 2023, the court issued a scheduling order setting the case for trial on November 30, 2023.

2. On July 10, 2023, Plaintiff moved to compel discovery.

3. On July 26, 2023, the Court granted the motion to compel and ordered Defendants to comply with Plaintiff's discovery requests no later than August 2, 2023. Defendants filed a notice of compliance on August 3, 2023.

4. On July 26, 2023, Defendants moved the Court for a protective order relating to discovery. The motion for protective order was denied on July 28, 2023.

5. On August 31, 2023, the Court continued the trial date upon Defendants' motion, due to the first of four pro se affidavits of disqualification filed by Arthur in this case. All four affidavits of disqualification were denied by the Chief Justice of the Ohio Supreme Court.

6. A scheduling conference was conducted on November 27, 2023, and the Court ordered trial for June 11-13, 2024. *A pretrial conference was scheduled for May 13, 2024 at 2:00 p.m. and Arthur was ordered to appear.* (Emphasis added.)

7.  Plaintiff filed a second motion to compel discovery on December 27, 2023.  Oral hearing was conducted on February 7, 2024.  On March 1, 2024, the Court ordered Arthur to provide certain documents requested by Plaintiff in discovery, no later than March 15, 2024.  *Counsel for the Defendant was to certify that the documents were provided, what medium was used to provide the documents, the number of documents submitted, the exact time and date of the submission, and that Defendants' counsel call Plaintiff's counsel to advise that the documents were sent.*  (Emphasis added.)[10]  Compliance was not certified by the Defendants until April 8, 2024.

8.  On March 11, 2024, Attorney Brian Benbow moved the Court for leave to withdraw as counsel for the Defendants.

9.  Plaintiff filed a third motion to compel discovery on March 14, 2024, due to the purported failure of the Defendants to answer interrogatories.

10.  On April 18, 2024, after oral hearing, the Court permitted Attorney Benbow to withdraw as counsel of record for all named Defendants.  Arthur was present at the hearing and was later served with the entry granting Benbow leave to withdraw.

11.  On April 19, 2024, the Court issued an order requiring the Defendants to serve answers to Plaintiff's interrogatories no later than 4:00 p.m., May 3, 2024.  The order also issued a warning to the Defendants:  *"Failure to answer the interrogatories may result in dismissal of Defendants remaining claims and judgment awarded to Plaintiff on its remaining claims. Civ.R. 37(B)(1)."*  (Emphasis added.)

---

[10] The emphasized language is nearly word-for-word the language the trial court used in its March 1, 2024 judgment entry which gave defendants another effort at providing the documents requested.  Due to defense counsel's representation that the documents had been provided and he "believed" that they had been emailed, and Home Loan's counsel's representation that the documents had not been received, the trial court apparently felt the need to make a detailed order regarding the submissions.  In that entry, the trial court also noted the "six-month delay in getting the documents issue resolved."

12. On May 13, 2024, at 11:49 a.m., Arthur filed a pro se document entitled "Defendants Reply to Plaintiff's Motion for Judgment and Unauthorized Practice of Law." The document filed by Arthur contains answers to interrogatories that were purportedly served upon Plaintiff's counsel on May 3, 2024. Arthur did not file a certification with the Clerk.[11] The Court finds that the answers to interrogatory questions 4, 5, 6, 7, 10, and 11 are not responsive. Specifically, the Court finds that the interrogatories go directly to the issues of fraud and fraudulent conveyance set forth in Plaintiff's amended complaint, and that Arthur has willfully failed to answer the interrogatories.

13. As to Arthur's request for a continuance, the Court also finds that Arthur has not made any meaningful effort to secure counsel for Jahweh LLC and A.R. Fountaine LLC. Arthur was on notice of Benbow's motion to withdraw as counsel on March 11, 2023 [sic] and had ample opportunity to obtain counsel.

{¶51} The entry continued:

Finally, "Plaintiff's Motion to Prohibit Phillip Arthur from Representing Defendants, Jahweh LLC and A.R. Fountaine LLC on their counterclaim and on Plaintiff's Remaining Causes of Action" is considered to be a notice to the Court on the limitations placed on Phillip Arthur under Ohio law. A limited liability company as a separate legal entity cannot maintain litigation in pro prior personal or appear in court through an agent not admitted to the practice of law. State ex rel. Spies v. Kent, 2009-Ohio-3844, at ¶ 94 (5th Dist.) (Abrogated on other grounds by Infinite Security Solutions, L.L.C. v. Karam Properties, II, Ltd., 2015-Ohio-1101.)See, Cleveland Bar Assn .v. Pearlman, 2005-Ohio-4107, syllabus (A layperson may not engage in cross-examination, argument, or other acts of advocacy on behalf of a limited-liability company.)

---

[11] Again, Paragraph 7 above sets forth the exact orders the trial court made on March 1, 2024 detailing how discovery was to be submitted and verified. These orders included certification with the Clerk of Courts.

The result is that the answers to interrogatories prepared by Arthur on behalf of Jahweh LLC and A.R. Fountaine LLC are a nullity and were never served upon counsel within the time permitted by the Court. At this juncture, the Court also notes that it delayed formal ruling on the pending motions in anticipation of a notice of appearance by counsel, and a response on behalf of Jahweh LLC and A.R. Fountaine LLC to Plaintiff's motion for judgment. No such documents were filed.

IT is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded JUDGMENT against Phillip Arthur, Jahweh LLC and A.R. Fountaine, LLC on Counts 1, 2, 3, and 4 of Plaintiff's amended complaint filed April 5, 2022. Furthermore, the Court hereby ORDERS that Counts 7, 8, and 11 of the Defendants counterclaims are hereby DISMISSED with prejudice.[12]

{¶52} Based upon our review, we find that the trial court did not abuse its discretion by granting Home Loan's Civ. R. 37(B) motion, notwithstanding a heightened review under Civ.R.41(B)(1). Phillip Arthur received adequate time to secure new trial counsel. Mr. Arthur, acting pro se, failed to provide discovery responses in a timely manner. And, Mr. Arthur failed to attend a pretrial he had previously been ordered to attend. Nothing about the trial court's ruling was done without fair notice to Mr. Arthur.

---

[12]As part of the order, the Court also found that an April 4, 2019 transfer of real estate from Jahweh LLC to A.R. Fountaine LLC, was a fraudulent transfer, completed without consideration and with the intent to defraud Plaintiff Home Loan Savings Bank. The court declared the real estate transfer invalid.

{¶53} Attorney Benbow filed his motion to withdraw as counsel on March 11, 2024. Mr. Arthur was on notice as of the March 11, 2024 motion that he would need to seek new trial counsel. At that time, the trial date was approximately three months away.

{¶54} On April 11, 2024, the trial court addressed the motion to withdraw and the outstanding responses to interrogatories. As of April 11, 2024, Mr. Arthur was on notice that the responses were still outstanding. Thereafter, when the trial court issued its April 19, 2024 entry, the court clearly advised that "[f]ailure to answer interrogatories [no later than 4:00 p.m. on May 3, 2024] may result in dismissal of Defendants remaining claims and judgment awarded to Plaintiff on its remaining claims. Civ.R. 37(B)(1)." Mr. Arthur was clearly apprised of the repercussions of failing to answer interrogatories as ordered.

{¶55} Mr. Arthur's failure to attend the May 13, 2024 pretrial at 2:00 p.m., due to an alleged lack of notice of the hearing, is suspect. In Attorney Benbow's motion to withdraw filed March 11, 2024, he represented to the court that he had apprised Mr. Arthur of all important considerations. Specifically, Attorney Benbow placed in underline and bold face: **We have informed the Defendant of all dates, including but not limited to hearings, trials, and deadlines.** The trial court's scheduling order entered

November 30, 2023 stated at Paragraph 3: "A final pretrial/settlement conference is scheduled for **May 13, 2024 at 2:00 p.m.** Counsel, Phillip Arthur, and a representative from Home Loan with full settlement authority, shall be present." Attorney Benbow was aware of the November 30, 2023 order approximately three months before his March 11, 2024 motion to withdraw. Surely, pursuant to his representation to the trial court, this was one of the dates of which he had apprised Mr. Arthur, along with an explanation of the specific manner in which the outstanding discovery was to be submitted per the court's March 1, 2024 order and the implications of failing to abide by any court order.

{¶56} Likewise, also suspect is Mr. Arthur's claim that he did not have notice that the case could be dismissed pursuant to Civ.R. 37(B). Mr. Arthur's purpose in the courthouse on May 13, 2024, earlier in the day before the pretrial, was to file a reply to the "Motion for Judgment Pursuant to Civil Rule 37(B)(1)." If the caption of the motion did not set off alarm bells, Home Loan's motion clearly requested the court to grant judgment in favor of Home Loan and dismissal of the counterclaims. Arthur's reply clearly requested that Home Loan's claims not be granted, and his counterclaims not be dismissed.

{¶57} Under Civ.R. 41(B)(1), a party has proper notice of an impending dismissal with prejudice when the trial court informs that party that dismissal is a possibility and has had a reasonable opportunity to defend against that dismissal. *See Haynes, supra,* at ¶ 12; *Quonset Hut* at syllabus. However, a trial court need not provide "actual notice of its intention to dismiss with prejudice." *Wightman v. Weade, LLC Realtors & Auctioneers*, 2019-Ohio-4915, ¶ 16 (12th Dist.), citing *Sazima v. Chalko,* 86 Ohio St.3d 151, 155-156 (1999). "Instead, the requisite notice ' "may be implied when reasonable under the circumstances." ' " *Id.*, quoting *Sazima* at 155, quoting *Quonset Hut* at 49. " '[I]mplied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal.' " (Citations omitted.) *Collins v. Kirby*, 2019-Ohio-1293, at ¶ 15 (12th Dist.), quoting *Producers Credit Corp. v. Voge*, 2003-Ohio-1067, ¶ 19 (12th Dist.). In this case, we find Phillip Arthur was provided with the requisite notice that there was a possibility of dismissal based on the trial court's explicit April 19, 2024 order requiring answers to interrogatories no later than May 3, 2024 and warning of the potential for dismissal, along with Home Loan's May 6, 2024 motion requesting judgment pursuant to Civ.R. 37(B).

{¶58} It is axiomatic that in Ohio a trial court speaks through its journal entries. *See Tell v. Pasley,* 20143-Ohio-2407, at ¶ 62 (5th Dist.), citing *State v. King,* 70 Ohio St.3d 158, 162 (1994). The trial court's May 21, 2024 entry does mention Phillip Arthur's failure to appear at the May 13, 2024 pretrial. And based on the trial court's remarks reflected in the hearing transcript, the trial court did accord this failure to appear with some weight in making its decision. However, while Jahweh asserts that the trial court's dismissal was unfairly based entirely upon the failure to appear at the May 13, 2024 pretrial hearing, the appealed-from entry clearly discusses the discovery violations at Paragraph 12:

> The document filed by Arthur contains answers to interrogatories that were purportedly served upon Plaintiff's counsel on May 3, 2024. Arthur did not file a certification with the Clerk. The Court finds that the answers to interrogatory questions 4, 5, 6, 7, 10, and 11 are not responsive…Arthur has willfully failed to answer the interrogatories.

{¶59} Then prior to awarding judgment in favor of Home Loan and dismissing the counterclaims, the trial court's May 21, 2024 entry further discusses the reason for the dismissal as follows:

> A limited liability company as a separate legal entity cannot maintain litigation in pro prior personal, or appear in court through an agent not admitted to the practice of law… The result  is that the answers to interrogatories prepared by Arthur on behalf of Jahweh LLC and A.R. Fountaine LLC are a nullity and were never

served upon counsel within the time permitted by the Court. At this juncture, the Court also notes that it delayed formal ruling on the pending motions in anticipation of a notice of appearance by counsel, and a response on behalf of Jahweh LLC and A.R. Fountaine LLC to Plaintiff's motion for judgment.  No such documents were filed.

{¶60} The trial court's May 21, 2024 clearly sets forth the history of the discovery violations and its reasons for the harsh sanction of dismissal. Jahweh's characterization of an unfair dismissal without notice, based on the failure to appear at the final pretrial, is misleading.  We find that the trial court did not abuse its discretion in granting Home Loan's Civ.R. 37(B) motion.

{¶61} Even if the trial court had based its decision entirely upon Mr. Arthur's failure to appear at the May 13, 2021 pretrial hearing, we would not find this to be unfair.  As set forth above, a litigant proceeding pro se is bound to follow the Ohio Rules of Civil Procedure just like any other litigant.  *See Arrow Fin. Servs., L.L.C. v. Hagan*, 2008-Ohio-2998, ¶ 27 (2d Dist.) (Pro se litigant is bound to follow Ohio civil rules, including obligation to respond to a request for admissions or "suffer the fact requested to be admitted to be deemed admitted").  Some courts have held that a party has a general duty to check the docket and keep oneself current regarding the status of the case.  *See FIA Card /Service, N.A. v. Marshall,* 2010-Ohio-4244, ¶ 28 (7th Dist.); *Landspan Corp. v. Curtis,* 2008-Ohio-

6292, ¶ 14 (8th Dist.) (used in the context of discussing Civ.R. 6(B)); *State v. Vernon,* 2007-Ohio-3376, ¶ 23 (11th Dist.) (used in the context of information on the release of an applicable Ohio Supreme Court decision). Attorney Benbow assured the court that he had informed Mr. Arthur of important dates and deadlines. If somehow, and it truly seems implausible, Mr. Arthur was unaware of the May 13, 2024 hearing date, he could reasonably have checked the court's docket to keep himself informed of any upcoming hearings or deadlines, given his choice to continue pro se knowing that a June trial date was impending.

{¶62} In the May 21, 2024 entry, the trial court referenced the history of the litigation dating back to July 10, 2023 when Home Loan moved to compel discovery the first time. However, Jahweh's assignments of error necessitated a thorough review of the entire trial court and appellate court records dating back to October 2018. Based on our review, we find that the trial court's characterization of Mr. Arthur's conduct as "negligent, irresponsible, contumacious, and dilatory" completely accurate during the entirety of the proceedings.

{¶63} Mr. Arthur and/or Attorney Benbow's conduct on Mr. Arthur's behalf necessitated Home Loan's moving to compel discovery a second time

on December 27, 2023, and a third time on March 14, 2024.[13]  We reject Jahweh's claim that the dismissal was without notice or otherwise unfair. The fourth assignment of error is also without merit.

{¶64} Based on the foregoing, Jahweh's four assignments of error are without merit and are hereby overruled.  Accordingly, the judgment of the trial court is affirmed.

By:  Smith, V.J.
Hess, V.J.
Baldwin, P.J.

---

[13] Home Loan's attorney voiced concern that, upon the Court's granting the motion to withdraw and if the June trial date been continued, Attorney Benbow would simply re-engage.  Ostensibly, Home Loan's attorney was suggesting the withdrawal was for purposes of further delay. We call attention to the fact that the docketing statement in the current appeal, filed June 2024, contains Attorney Benbow's name and Supreme Court number. The opening brief and reply briefs have also been filed by Attorney Benbow. Thus, it appears that despite Attorney Benbow's representation of unpaid fees, a serious family health issue, and burdensome workload due to the health issue, Mr. Benbow was in fact able to re-engage approximately two months after this withdrawal motion had been granted by written entry on April 18, 2024.